Susan SMITH, Jacob Andrew Smith, a minor, by Adrian P. Schoone, his guardian ad litem, Plaintiffs-Respondents-Cross Respondents,

v.

STATE FARM FIRE & CASUALTY COMPANY, Defendant-Appellant,

James A. BAUMANN, Defendant-Respondent-Cross Appellant,†

Robert W. SMITH, Defendant.

Court of Appeals

*No. 94–0368. Submitted on briefs December 19, 1994.—Decided March 1, 1995.*

(Also reported in 531 N.W.2d 376.)

†Petition to review denied.

324

CROSS-APPEAL from an order of the circuit court for Racine County: DENNIS J. BARRY, Judge. *Affirmed.*

On behalf of the defendant-appellant, the cause was submitted on the briefs of *John V. O'Connor* of *O'Connor & Willems, S.C.*, of Kenosha.

On behalf of the plaintiffs-respondents-cross respondents, the cause was submitted on the brief of *Timothy S. Knurr* of *Schoone, Fortune, Leuck, Kelley & Pitts, S.C.*, of Racine.

On behalf of the defendant-respondent-cross appellant, the cause was submitted on the briefs of *Ronald P. Brockman* of *Heft, Staaden & Heft, S.C.*, of Racine.

Before Anderson, P.J., Brown and Snyder, JJ.

BROWN, J. This case involves an accident occurring when the snowmobiles of James A. Baumann and Robert W. Smith collided, killing Joshua Smith and injuring Jacob Andrew Smith, Robert and Susan Smith's sons. The appeal concerns whether there was coverage for the accident under Baumann's homeowner's policy issued by State Farm Fire & Casualty Company as it concerns Joshua's death and Jacob's injuries.

There are three issues in this permissive appeal arising from an order denying summary judgment for State Farm. The first issue is whether a motor vehicle exclusion in the homeowner's policy, which excludes coverage for injuries arising from the operation of a snowmobile off an insured location, is ambiguous. We

hold that the exclusion is not ambiguous. The second issue is whether Baumann's intoxication and his failure to put a helmet on Joshua, his passenger during the accident, are independent concurrent causes for the purpose of invoking coverage under the homeowner's policy. We hold that these separate acts are not independent concurrent causes. The third issue is whether Baumann's negligent maintenance of his snowmobile occurring on an insured location was a covered occurrence under the homeowner's policy. We hold that where the negligent maintenance was not the injury-causing occurrence, it cannot be the basis for a separate item of coverage under the policy. Therefore, we reverse the trial court's order and remand with directions to enter an order granting summary judgment for State Farm.

On the cross-appeal from another order of the trial court, the issue is whether any recovery by Susan in the wrongful death action for Joshua's death should be reduced for any contributory negligence of Robert. We hold that under *Chang v. State Farm Mut. Auto. Ins. Co.*, 182 Wis. 2d 549, 514 N.W.2d 399 (1994), Robert's contributory negligence cannot be imputed to Susan. Thus, we affirm the order of the trial court.

The following facts are undisputed for the purposes of our review of the summary judgment in this case. Baumann and Robert Smith took the Smiths' two sons, Joshua and Jacob, snowmobiling. Baumann and Smith drank alcohol in a tavern over the course of several hours and then proceeded to ride their snowmobiles in a field near the tavern. Jacob was a passenger on his father's snowmobile, and Joshua rode on Baumann's snowmobile. Baumann did not put a helmet on Joshua, and Baumann's snowmobile did not have an operable headlight. While riding in the field, the Smith

and Baumann snowmobiles collided. Joshua was killed, and Jacob sustained personal injuries.

Neither Baumann nor Smith had snowmobile insurance. The Smiths sued Baumann and State Farm for the negligent operation of a snowmobile, alleging coverage under Baumann's homeowner's policy. State Farm denied coverage under its homeowner's policy and moved for summary judgment, based on an exclusion for damages arising out of the use of motor vehicles off an insured premise. The motor vehicle exclusion provides that there is no coverage for "**bodily injury** or **property damage** arising out of the ownership, maintenance, use . . . of . . . a **motor vehicle** owned or operated by or rented or loaned to any **insured** . . .." The policy defines motor vehicle in relevant part as "a motorized . . . snowmobile . . . owned by an **insured** and designed for recreational use off public roads, while off an **insured location**." It is not disputed that Baumann's snowmobile is a "motor vehicle" under the policy and that the accident occurred off an "insured location."

The trial court denied State Farm's motion for summary judgment. It held that the motor vehicle exclusion was ambiguous and thus the policy should be construed in favor of coverage. Additionally, the trial court held that Baumann's "inordinate consumption of alcohol," his knowing the state of intoxication of the parties and his allowing Joshua to ride without a helmet were independent concurrent causes of the accident for which there was coverage under the homeowner's policy.

On appeal, State Farm concedes all issues of fact for summary judgment purposes; thus, our review is confined to whether State Farm was entitled to judgment as a matter of law, *see* RULE 802.08(2), STATS.,

and, as such, is de novo. *See Milwaukee Partners v. Collins Engineers, Inc.*, 169 Wis. 2d 355, 361, 485 N.W.2d 274, 276 (Ct. App. 1992).

The appeal issues require the construction of an insurance policy, which is a question of law we also review independently. *See Western Casualty & Surety Co. v. Budrus*, 112 Wis. 2d 348, 350, 332 N.W.2d 837, 839 (Ct. App. 1983). Language in an insurance policy should be given its common and ordinary meaning and should be construed as it would be understood by a reasonable person in the position of the insured. *Cieslewicz v. Mutual Serv. Casualty Ins. Co.*, 84 Wis. 2d 91, 97-98, 267 N.W.2d 595, 598 (1978).

Now we turn to the first issue. State Farm argues that the motor vehicle exclusion under its homeowner's policy is unambiguous and precludes coverage for this snowmobile accident. Whether the policy contains an ambiguity is a question of law. *Budrus*, 112 Wis. 2d at 351, 332 N.W.2d at 839. Ambiguities in a contract of insurance are resolved in favor of coverage. *See Garriguenc v. Love*, 67 Wis. 2d 130, 135, 226 N.W.2d 414, 417 (1975). An insurance policy is ambiguous if the language when read in context is fairly susceptible to more than one meaning. *Sprangers v. Greatway Ins. Co.*, 182 Wis. 2d 521, 536-37, 514 N.W.2d 1, 6 (1994).

Smith contends that the motor vehicle exclusion is ambiguous when considered with another policy exclusion precluding coverage for injuries arising out of participation in a race involving motorized land vehicles. The racing exclusion provides that there is no coverage for **"bodily injury** or **property damage** arising out of an **insured's** participation in, or preparation or practice for any prearranged or organized

race, speed or demolition contest, or similar competition involving a motorized land vehicle . . .."

Smith makes two arguments in support of his claim that the racing exclusion creates an ambiguity. First, Smith contends that because the racing exclusion does not by its terms exclude all snowmobiling activities off insured locations, a reasonable insured would read the policy as only excluding coverage for injuries arising from snowmobile operation if the injuries result from a snowmobile race. We disagree that a reasonable insured would glean such a meaning.

An insurance policy should not be construed so as to render any part of it useless. *Maas v. Ziegler*, 172 Wis. 2d 70, 81, 492 N.W.2d 621, 625 (1992). We must consider the insurance policy as a whole and give each exclusion its common and ordinary meaning before determining whether an ambiguity exists. *Compare Cieslewicz*, 84 Wis. 2d at 97-98, 267 N.W.2d at 598 *with Maas*, 172 Wis. 2d at 81-82, 492 N.W.2d at 625.

Here, Smith's contention ignores the plain meaning of the motor vehicle exclusion and renders it useless. The motor vehicle exclusion, by the plain meaning of its terms, provides that injuries arising from the operation of a snowmobile off an insured location are excluded. We cannot support Smith's position without reading the racing exclusion in isolation, and this we cannot do. *See Maas*, 172 Wis. 2d at 81-82, 492 N.W.2d at 625.

Second, Smith argues that the racing exclusion is rendered superfluous if snowmobiling is also excluded under another exclusion. Again, we disagree. We conclude that the common and ordinary meaning of the racing exclusion is that injuries arising from racing are

excluded—regardless of whether the racing occurs on or off insured premises. We hold that no ambiguity arises merely because the existence of two exclusions provides two separate reasons for denying coverage for snowmobile racing off insured premises. Moreover, as State Farm argues, it is possible that snowmobile racing could take place on an insured location and, in that case, the motor vehicle exclusion would not apply, but the racing exclusion would. Thus, the policy can reasonably be construed, after reading the two exclusions together, to provide coverage for injuries arising from the operation of snowmobiles on an insured location, unless racing is involved. We hold that the motor vehicle exclusion unambiguously disclaims coverage for the injuries arising from the snowmobile accident in this case.

Next, Smith argues that Baumann's intoxication and failure to put a helmet on Joshua were independent concurrent causes of the accident, separate from the operation of the snowmobile. The "independent, concurrent cause rule" has been explained as follows: "Where a policy expressly insures against loss caused by one risk but excludes loss caused by another risk, coverage is extended to a loss caused by the insured risk even though the excluded risk is a contributory cause." *See Kraemer Bros., Inc. v. United States Fire Ins. Co.*, 89 Wis. 2d 555, 570, 278 N.W.2d 857, 863-64 (1979) (citing *Lawver v. Boling*, 71 Wis. 2d 408, 422, 238 N.W.2d 514, 521-22 (1976)). The specific question before us is whether Baumann's intoxication and failure to provide a helmet are *independent* from the excluded risk—snowmobiling on an uninsured location. *See Bankert v. Threshermen's Mut. Ins. Co.*, 110 Wis. 2d 469, 484, 329 N.W.2d 150, 156-57 (1983).

In *Bankert*, 110 Wis. 2d at 471-72, 329 N.W.2d at 151, our supreme court considered a similar motor vehicle exclusion in a farm owner's policy and whether the negligent entrustment of a motor vehicle was an independent concurrent cause, separate from the operation of a motor vehicle. Our supreme court held that negligent entrustment was not independent for the purpose of invoking farm owner's coverage. *See id.* at 473, 476-77, 329 N.W.2d at 151-52, 153. The *Bankert* court reasoned that negligent entrustment was not actionable in the absence of the negligent operation of the vehicle, pointing out that "negligent entrustment is irrelevant unless the person to whom a thing is entrusted acts in a negligent manner . . .." *Id.* at 476, 329 N.W.2d at 153.

Thus, under *Bankert*, an independent concurrent cause must provide the basis for a cause of action in and of itself and must not require the occurrence of the excluded risk to make it actionable. We conclude that the *Bankert* rationale answers the issue here. Baumann's intoxication and failure to provide Joshua with a helmet do not subject Baumann to liability because, as in *Bankert*, these acts are irrelevant without the operation of the snowmobile. Without the operation of the snowmobile off an insured location, the injury would not have occurred, intoxication and lack of a helmet notwithstanding.

Smith argues that Baumann's separate acts are substantial factors in the chain of causation and thus must necessarily be considered independent concurrent causes. However, we conclude that Smith's reliance on the substantial factor theory is misplaced.

In Wisconsin, the substantial factor test is applied to determine whether a particular act is a cause of an accident. *See Sampson v. Laskin*, 66 Wis. 2d 318, 325-26, 224 N.W.2d 594, 597-98 (1975). There may be several substantial factors contributing to the same result. *Id.* at 326, 224 N.W.2d at 598. Nonetheless, the substantial factor test does not define the risks for which coverage is afforded and does not determine whether a covered risk is independent from an excluded risk. *Cf. Lawver*, 71 Wis. 2d at 415-16, 238 N.W.2d at 518 (The causal connection between the included risk and the activities which gave rise to the injuries, for the purpose of invoking coverage, "is not of the type which would ordinarily be necessary to warrant a finding of 'proximate cause' or 'substantial factor' as those terms are used in imposing liability for negligent conduct."). Whether coverage exists is a matter of contract and public policy, *see, e.g., Hagen v. Gulrud*, 151 Wis. 2d 1, 5-7, 442 N.W.2d 570, 572-73 (Ct. App. 1989), not encompassed by the substantial factor test. Thus, the substantial factor test applies only to liability determinations after a conclusion that there is coverage for the risk of a particular cause.

The third issue is whether there is coverage for Baumann's negligent maintenance of his snowmobile. The policy provides that there is no coverage for injury arising out of the "ownership, *maintenance* [emphasis added], use, loading or unloading" of a snowmobile "while off an **insured location**." Smith argues that Baumann's failure to have an operational headlamp was due to negligent maintenance of his snowmobile which occurred on an insured location. Therefore, Smith argues that the motor vehicle exclusion does not apply to negligent maintenance of Baumann's snowmo-

bile. We disagree with Smith that negligent maintenance is a separate item of coverage under the policy.

In *Bankert*, 110 Wis. 2d at 479, 329 N.W.2d at 154, the plaintiffs argued that the negligent entrustment occurred on the insured premises and thus was a covered negligent act. Rejecting that argument, our supreme court held that coverage is not provided for negligent acts, but for an "occurrence," which is defined as an accident. *Id.* at 480, 329 N.W.2d at 155. To hold otherwise, the court stated, would convert the farm owner's policy into an automobile policy. *Id.* at 479-80, 329 N.W.2d at 154.

Once again, we conclude that *Bankert* applies to the present case. Here, the State Farm policy was an occurrence policy and the occurrence was the snowmobile accident. We hold that coverage is not provided by the homeowner's policy for negligent maintenance of the snowmobile where the injury-causing occurrence was the snowmobile accident.

Thus, on the foregoing bases, we reverse the trial court's denial of summary judgment for State Farm and remand with directions to enter an order granting summary judgment for State Farm.

The cross-appeal arises out of a wrongful death action brought by Susan and Robert Smith for Joshua's death. Baumann brought a motion seeking to impute Robert's negligence to Susan. The trial court denied Baumann's motion to impute the negligence of one spouse to the other.

The issue is whether a tortfeasor spouse's negligence should be imputed to the innocent spouse in a wrongful death action. This issue involves the applica-

tion of the law to a particular set of facts; thus, our review is de novo. *See Corroon & Black-Rutters & Roberts, Inc. v. Hosch*, 109 Wis. 2d 290, 294, 325 N.W.2d 883, 885 (1982).

■

Baumann argues that any recovery by Susan for Joshua's death would, under the Marital Property Act, also benefit Robert.[1] Therefore, Baumann argues that any recovery by Susan should be reduced by Robert's contributory negligence. The Marital Property Act regulates financial relationships between spouses. *See* ch. 766, STATS. Nowhere does the act purport to limit an innocent spouse's recovery in a wrongful death action.

Moreover, we are not completely without guidance on the issue. Just recently, our supreme court revisited the public policy implications involved regarding the respective rights of an innocent spouse and a tortfeasor spouse. In *Chang*, 182 Wis. 2d at 558, 514 N.W.2d at 402, a wife brought a wrongful death action against her husband's insurer for the death of the couple's son. The son was a passenger in the father's automobile when the father lost control of the vehicle resulting in the accident and death of the son. *Id.* The insurer argued that the statutes required a damage award to a class of beneficiaries be diminished for the contributory negligence of any member of the beneficiary class. *Id.* at 563, 514 N.W.2d at 404. Therefore, the insurer contended that the recovery of the mother, as a member of the same beneficiary class as the father, must be diminished for the father's contributory negligence. Our

---

[1] Baumann relies on § 766.31(1), STATS., which states that "[a]ll property of spouses is marital property except that which is classified otherwise . . .." Thus, his contention is that because § 766.31 does not otherwise classify recovery by parents for wrongful death actions, such recovery is marital property.

supreme court rejected the argument and held that the "non-negligent parent is entitled to recover actual damages for loss of society and companionship up to the maximum allowed by the statute, without reduction." *Id.* The court further held that only the contributorily negligent party's damages are reduced.[2]

The supreme court did not address in *Chang* the implications of the Marital Property Act. This is almost certainly because the issue was not presented to the court, as it is here. Nonetheless, in the face of such a recent and thoughtfully considered fresh look on the general subject by our highest court, we as the court of appeals are loath to interfere with the *Chang* precedent. If the issues so recently decided in *Chang* are to be revisited yet once again in order to discuss the implications of the Marital Property Act upon the subject, it must come from our supreme court. We conclude that we are bound by *Chang*.

We reject, however, Smith's contentions that this issue is frivolous. Baumann's argument is not unreasonable and is based upon a reading of the law that an ordinarily prudent and competent attorney might consider meritorious.

---

[2] "Reductions for the contributory negligence of a given beneficiary are subtracted from the amount of actual damages suffered by that beneficiary, not from the statutory maximum." *Chang v. State Farm Mut. Auto. Ins. Co.*, 182 Wis. 2d 549, 566, 514 N.W.2d 399, 405 (1994). Thus, under the *Chang* facts where the father's recovery was barred, the wife could recover actual loss proved up to the statutory maximum. *Id.* at 563-64, 514 N.W.2d at 404-05.

*By the Court.*—Order on the appeal reversed and cause remanded with directions; order on the cross-appeal affirmed.