C.L. and T.W. (minor), by his Guardian ad Litem, D. Michael Guerin, Plaintiffs,

v.

The SCHOOL DISTRICT OF MENOMONEE FALLS and Crum & Forster, Defendants,

John W. BAUERNFEIND, Defendant-Appellant,

AETNA CASUALTY & SURETY CO., Defendant-Intervenor,

HORACE MANN INSURANCE CO., Defendant-Intervenor-Respondent.

Court of Appeals

*No. 97–0083. Submitted on briefs July 1, 1998.—Decided September 1, 1998.*

(Also reported in 585 N.W.2d 826.)

693

On behalf of the defendant-appellant, the cause was submitted on the briefs of *Mark J. Goldstein* of *Padway & Padway, Ltd.* of Milwaukee.

On behalf of the defendant-intervenor-respondent, the cause was submitted on the brief of *John D. Finerty, Jr.* of *Kravit, Gass & Weber, S.C.* of Milwaukee.

Before Wedemeyer, P.J., Schudson and Curley, JJ.

WEDEMEYER, P.J. John W. Bauernfeind appeals from a grant of summary judgment in favor of Horace Mann Insurance Co., the employment liability insurer for educators. He claims the trial court erred in concluding that the criminal acts and intentional acts exclusions in the policy relieved Horace Mann of defending Bauernfeind in the civil suit filed by T.W., which alleged that Bauernfeind sexually assaulted T.W. He also claims that Horace Mann must defend him against the school district's cross claim. Because

the intentional acts exclusion relied on by the trial court precludes coverage under the policy, and because the exclusion also precludes coverage on the cross claim, we affirm.

## I. BACKGROUND

T.W., a thirteen-year-old boy, and his mother, C.L., filed a civil suit against Bauernfeind, his employer (the school district), and the district's insurance company. The complaint alleged that, while working as a middle school librarian, Bauernfeind had sexual contact with T.W., a student, on four separate occasions. The complaint alleged that Bauernfeind "intentionally had sexual contact" with T.W., contributed to the delinquency of T.W., intentionally inflicted emotional distress on T.W., and, in the alternative, that Bauernfeind was "negligent in that he knew or should have known that having sexual contact with T.W. might cause T.W. physical or emotional harm."

Horace Mann provided employment liability insurance coverage to Bauernfeind in his capacity as an educator and, upon notice of the suit from Bauernfeind, Horace Mann agreed to defend him under a reservation of rights.[1] Horace Mann intervened in this action and filed a motion for summary judgment claiming that the allegations against Bauernfeind were criminal and/or intentional as a matter of law and sought a declaration that, based on

---

[1] Bauernfeind's homeowners' insurer, Aetna Casualty & Surety Co., also agreed to defend under a reservation of rights. Aetna intervened and moved for summary judgment on the basis that the intentional acts exclusion barred coverage. The trial court presiding over that motion, the Hon. George A. Burns, granted the motion and Aetna was dismissed from the case.

the exclusions in the policy, it had no duty to defend Bauernfeind.

Bauernfeind also faced criminal charges based on T.W.'s allegations. Bauernfeind resolved the criminal charges by entering *Alford*[2] pleas to one count of third-degree sexual assault and one count of exposing a child to harmful materials, contrary to §§ 940.225(3) and 948.11(2)(a), STATS. He was sentenced to five years in prison on the first count and two years in prison, imposed and stayed, on the second count. In addition, the trial court placed him on four years probation consecutive to the first count.

Granting summary judgment, the trial court ruled in pertinent part:

> This lawsuit no matter what the nature of the claims are [sic], direct liability or contribution, arise [sic] out of acts which have been held by a court to constitute a crime. And I don't think that language is ambiguous. I don't think it's unclear. It's as clear as clear could be. And he has been convicted of actually two crimes, but one in particular that directly relates to the conduct which is the core of the claim against him; that is, he has been convicted of third degree sexual assault. And given those facts the exclusion applies. It applies clearly. It applies unambiguously. And I think they're out on that basis.
>
> Secondly, I think they're . . . out on the intentional acts basis exclusion as well.
>
> The occurrence, sexual assault, involved damages which are the intended conduct of the actions taken by this person. . . . I don't think there is any reasonable argument about that.
>
> And then you get into this issue about whether the conduct is substantially certain to cause injury,

---

[2] *See North Carolina v. Alford*, 400 U.S. 25 (1970).

... we're talking about a 13-year-old child here. ...
If you take a 13-year-old child and subject that child
to sexual molestations you, in my view, should
clearly infer as a matter of law that harm is going to
flow to this child.

Judgment was entered. Bauernfeind now appeals.

## II. DISCUSSION

### A. *Standard of Review.*

The rubrics by which we review a grant of sum-
mary judgment are well known and need not be
repeated here. *See* § 802.08, STATS. Our review is *de
novo. See M&I First Nat'l Bank v. Episcopal Homes
Mgmt., Inc.*, 195 Wis. 2d 485, 496–97, 536 N.W.2d 175,
182 (Ct. App. 1995). Moreover, interpretation of an
insurance contract also involves this court's indepen-
dent review. *See Smith v. State Farm Fire & Casualty
Co*, 192 Wis. 2d 322, 328–29, 531 N.W.2d 376, 379 (Ct.
App. 1995). We also note that insurance policies are
construed to give their language "its common and ordi-
nary meaning as [that language] would be understood
by a reasonable person in the position of the insured."
*Id.*, 192 Wis. 2d at 329, 531 N.W.2d at 379.

### B. *Pertinent Insurance Provisions.*

Horace Mann's policy provided in pertinent part:

In this part, *we* indicate the contract coverages sub-
ject to the exclusions, conditions, limits of coverage
and other terms of this contract.

**A. EDUCATORS LIABILITY.** *We* agree to pay
all damages which *you* shall become legally

required to pay as a result of any claim: which comes from an *occurrence* in the course of *your educational employment activities*; and which is caused by *your* acts or omissions or those of other persons for whose acts *you* are held liable, not to exceed the limit of coverage stated in the declarations for this coverage.[3]

. . . .

**EXCLUSIONS**

. . . .

**B. CIVIL SUITS ARISING FROM CRIMINAL ACTS.** . . . this contract does not apply to any civil suit arising out of an act, other than *corporal punishment*, which has been held by a court to constitute a crime.

. . . .

**J. INTENTIONAL DAMAGES.** . . . this contract does not apply to *occurrences* involving damages which are the intended consequence of action taken by or at *your* direction, unless the action involves *corporal punishment*.

*C. Application.*

Bauernfeind claims that the allegations in the complaint do not constitute intentional or criminal acts. He asserts that the conduct cannot fall under the intentional exclusion because Bauernfeind did not intend to harm T.W., and that the conduct involved here is analogous to the conduct at issue in *Loveridge v. Chartier*, 161 Wis. 2d 150, 468 N.W.2d 146 (1991),

---

[3] The parties do not argue and, therefore, we do not decide whether the conduct alleged in this case constitutes an "*occurrence* in the course of *your educational employment activities*" as those terms are defined in the insurance policy.

where our supreme court held that an insured engaging in consensual sexual intercourse with a sixteen-year-old minor did not, as a matter of law, intend to cause bodily injury to the minor. *See id.* at 175, 468 N.W.2d at 153. He also asserts that the conduct cannot fall under the criminal acts exclusion because he entered an *Alford* plea to the criminal charges rather than a guilty plea and, in the alternative, the criminal acts exclusion is ambiguous and illusory. We reject Bauernfeind's argument regarding the intentional acts exclusion and, therefore, it is not necessary to address the criminal acts exclusion. *See State v. Blalock*, 150 Wis. 2d 688, 703, 442 N.W.2d 514, 520 (Ct. App. 1989) (cases should be decided on the narrowest possible grounds).

When determining whether an insurer has a duty to defend, we must compare the allegations within the four corners of the complaint with the terms of the insurance policy. *See Newhouse v. Citizens Sec. Mut. Ins. Co.*, 176 Wis. 2d 824, 835, 501 N.W.2d 1, 5 (1993). The existence of the duty to defend depends solely upon the nature of the claim being asserted against the insured and has nothing to do with the merits of the claim. *See Radke v. Fireman's Fund Ins. Co.*, 217 Wis. 2d 39, 43, 577 N.W.2d 366, 369 (Ct. App. 1998). If there are allegations in the complaint which, if proven, would be covered by the policy, the insurer has a duty to defend. *See Grube v. Daun*, 173 Wis. 2d 30, 72, 496 N.W.2d 106, 122 (Ct. App. 1992). Policy exclusions are to be narrowly construed against the insurer and any ambiguity regarding coverage is to be resolved in favor of the insured. *See Smith v. Atlantic Mut. Ins. Co.*, 155 Wis. 2d 808, 811, 456 N.W.2d 597, 598 (1990).

The complaint in the instant case makes four allegations against Bauernfeind: (1) intentional sexual contact in violation of § 948.02(2), STATS.; (2) contributing to the delinquency of a minor, contrary to § 948.40, STATS.; (3) intentional infliction of emotional distress; and (4) in the alternative, negligent infliction of emotional distress in that Bauernfeind knew or should have known that his conduct might harm T.W.

The question is whether these allegations fall within an exclusion under the policy. If the allegations, if proven, fall under any exclusion, Horace Mann is not obligated to defend Bauernfeind, and the trial court properly granted summary judgment.

Bauernfeind argues that the intentional acts exclusion does not apply because he did not intend to injure T.W., and the conduct at issue in this case is analogous to *Loveridge*, where the supreme court refused to infer an intent to injure as a matter of law based on allegations of sexual assault of a minor. We do not agree that the facts alleged here are analogous to those in *Loveridge*. The *Loveridge* case involved an undisputed ongoing consensual relationship between an adult and a sixteen-year-old minor. These two factors, consent, and age, influenced the court's decision. The court based its decision, in part, on our legislature's recognition that sexual contact with persons between sixteen and eighteen is "less harmful than sexual contact between an adult and a person under" the age of sixteen. *Id.*, 161 Wis. 2d at 175, 468 N.W.2d at 153.

■

In addressing Bauernfeind's claim, we emphasize again that the allegations in cases such as these must be viewed on a case-by-case basis. *See K.A.G. v. Stanford*, 148 Wis. 2d 158, 165, 434 N.W.2d 790, 793 (Ct.

App. 1988). In *K.A.G.*, this court addressed whether an intent to injure may be inferred for the purpose of applying the intentional acts exclusion. *See id.* at 163, 434 N.W.2d at 792. We held that intent to injure "may be inferred where injury is substantially certain to result from an insured's intentional conduct." *Id.* In applying this rule, two requirements must be satisfied: (1) the conduct must be intentional; and (2) the conduct must be substantially certain to cause injury. *See id.* If these two requirements are met, this rule will be applied "if the degree of certainty that the conduct will cause injury is sufficiently great to justify inferring intent to injure as a matter of law." *Id.*

Applying this rule to the instant case, we conclude that intent to injure may be inferred as a matter of law. With the exception of the negligent infliction of emotional distress claim, the complaint alleges that Bauernfeind's conduct was intentional. The first two claims actually refer to criminal statutes that require a showing of intent. All three claims clearly allege that the conduct at issue was intentional. Moreover, the fourth claim, although labeled as "negligent" infliction of emotional distress, alleges facts that certainly are intentional in nature. The claim incorporates the facts set forth under the intentional claims and then alleges that Bauernfeind was "negligent in that he knew or should have known that having sexual contact with T.W. might cause" harm. We recently addressed a similar issue in *Jessica M.F. v. Liberty Mutual Fire Insurance Co.*, 209 Wis. 2d 42, 561 N.W.2d 787 (Ct. App. 1997).

In *Jessica M.F.*, we concluded that "the intentional-acts exclusion precludes homeowner insurance coverage for one who knew or should have known of

sexual abuse committed by one's spouse," even when the allegation is one based in negligence. *See id.* at 53, 561 N.W.2d at 792. In that case, the complaint alleged that the grandfather " 'had sexual contact and engaged in sexually explicit conduct' with each of the four grandchildren." *Id.* at 45–46, 561 N.W.2d at 789. It was conceded on appeal that the intentional acts exclusion of the grandparents' homeowners policy precluded coverage for the claims asserted against the grandfather. *See id.* at 49, 561 N.W.2d at 791. The appeal issue involved whether the intentional acts exclusion precluded coverage for the claim against the grandmother where the complaint alleged that she was negligent in that she "knew or, in the exercise of reasonable care, should have known" of the grandfather's abuse of their four grandchildren. *Id.* at 54, 561 N.W.2d at 792–93. We concluded that "in the context of child sexual abuse allegedly committed by one's spouse under circumstances in which the spouse 'in the exercise of reasonable care, should have known,' the intentional-acts exclusion precludes coverage." *Id.* at 55, 561 N.W.2d at 793. It logically follows then that the negligence allegation in the instant case is actually one that falls under an intentional act.

Moreover, any negligence theory in this case is inapplicable because the alleged acts committed by Bauernfeind were intentional. Where intent to injure flows from intentional conduct, it is illogical to assert that negligence played any role. Where intent to injure is inferred as a matter of law, as is the case here, then none of the claimed injuries can be caused by negligent conduct. As stated by Judge Burns in dismissing Aetna from this case: "What this really boils down to . . . is that the term 'negligent sexual molestation' is really an oxymoron. I say this because in this case, where intent

to harm is a given, negligence is out of the case." We agree. Accordingly, the first requirement set forth in *K.A.G.* is satisfied and we now address the second requirement.

Wisconsin courts have already inferred an intent to injure as a matter of law where an adult engages in sexual molestation of a minor because such conduct is "so certain to result in injury to that minor" regardless of the actor's claimed intent in cases involving a six-year-old minor, and a nine-year-old minor. *See K.A.G.*, 148 Wis. 2d at 165, 434 N.W.2d at 793, *N.N. v. Morraine Mut. Ins. Co.*, 153 Wis. 2d 84, 94, 450 N.W.2d 445, 449 (1990). As noted above, however, our supreme court refused to infer intent to injure when the case involved a sixteen- to seventeen-year-old. In this case, we must decide whether the intent to injure can be inferred when the minor is thirteen-years-old. Under the facts alleged here, we conclude that the sexual assaults against T.W. are so certain to result in injury, that intent to injure may be inferred as a matter of law.

The complaint alleges that the sexual contact occurred on four separate occasions when Bauernfeind manipulated the circumstances to create situations where he and T.W. were alone. Further, the complaint alleges that Bauernfeind threatened T.W. not to tell anyone about the sexual contact. We also find it significant that our legislature has concluded that: (1) sexual assaults of minors between the ages of sixteen and eighteen are not as serious a crime as a sexual assault of minors under the age of sixteen, *see* § 948.09, STATS. (sexual intercourse with child sixteen or older is misdemeanor); § 948.02, STATS. (sexual assault of child under age sixteen is a felony); and (2) a child under the age of sixteen cannot consent to sexual contact. *See State v.*

703

*Fisher*, 211 Wis. 2d 665, 669–70, 565 N.W.2d 565, 568 ( Ct. App. 1997).

■This case involves a thirteen-year-old child. Although not as young as the victims in *K.A.G.*, or *N.N.*, we conclude that T.W. was a child of vulnerable years and this case, like *K.A.G.*, involves conduct so substantially certain to cause injury that it justifies inferring intent to injure as a matter of law. Again, we adopt the reasoning set forth by Judge Burns in dismissing Aetna from this case:

> The conduct which T.W. alleged in this complaint was certainly intentional and I conclude it was substantially certain to cause injury for a boy of 13 entering or in his pubescent years at a time when he was just discovering his own sexuality he certainly is particularly vulnerable.
>
> There can be no doubt that the sexual activity with an adult male at that point in his life is substantially certain to cause injury within the meaning of that requirement. I; therefore, conclude that the rationale of *K.A.G.* applies to this case with a peculiar fitness and that the two constitutive elements required for an establishment of this cause of action are met as a matter of law.

Therefore, we hold that the conduct alleged here falls into the intentional acts exclusion of Horace Mann's insurance policy and precludes coverage.[4] Because we

---

[4] We are not persuaded by Bauernfeind's claim that, because this case involves an educators' employment liability policy rather than a homeowner's policy, a reasonable insured would expect the policy to provide coverage for allegations of sexual contact. No reasonable person would expect an insurance policy to provide coverage for damages resulting from his or her sexual misconduct when the language in the intentional acts

have concluded that the intentional acts exclusion precludes coverage, it is not necessary for us to address whether coverage is also precluded under the criminal acts exclusion. *See Blalock*, 150 Wis. 2d at 703, 442 N.W.2d at 520 (cases should be decided on the narrowest possible grounds).

## D. Cross Claim.

Bauernfeind also claims that Horace Mann should not be relieved of defending him on the cross claim filed by the school district. T.W. also sued the school district for negligent supervision/failure to warn, violation of his civil rights, and punitive damages. The school district cross-claimed against Bauernfeind, alleging, "In the event, upon the trial of this action, [the school district and its insurer] are found to be jointly liable with John W. Bauernfeind to the plaintiffs for damages, then these answering defendants shall be entitled to contribution according to law from John W. Bauernfeind." The trial court determined that, because the allegations against Bauernfeind all are intentional acts, there is no coverage, whether the claim is a direct action against Bauernfeind by the plaintiffs or a contribution claim against Bauernfeind by the school district. Bauernfeind's conduct is excluded under the policy; therefore, there is no coverage. We agree with the trial court, but add the following analysis.

Contribution allows a negligent joint tortfeasor to recover his or her portion of a judgment against a negligent joint tortfeasor who is apportioned a greater

exclusion would alert a reasonable person that injury inflicted intentionally is not subject to coverage. *See K.A.G. v. Stanford*, 148 Wis. 2d 158, 165–66, 434 N.W.2d 790, 793 (Ct. App. 1988).

percentage of causal negligence. *See Mulder v. Acme-Cleveland Corp.*, 95 Wis. 2d 173, 178, 290 N.W.2d 276, 278–79 (1980). Bauernfeind, however, cannot be considered a negligent joint tortfeasor with the school district because his conduct was intentional. Contribution is inapplicable to this case. Whether the school district, if found liable, may be able to recover from Bauernfeind under another theory is not for us to decide at this time.

If recovery is sought, however, Horace Mann's policy does not provide coverage for Bauernfeind's conduct because of the applicable exclusion in the policy. The school district's cross claim does not alter the nature of Bauernfeind's conduct. Under these facts and circumstances, the intentional acts exclusion precludes coverage on both the plaintiffs' claim and the cross claim. Therefore, the trial court did not err in granting summary judgment and dismissing Horace Mann from the case.

*By the Court.*—Judgment affirmed.