787 N.W.2d 54 (2010)
2010 WI App 94
Jessica L. SIEBERT, by her Guardian ad Litem, D.J. Weis and Lynette A. Siebert, Plaintiffs-Appellants,
Steve Albrecht, Jr., by his Guardian ad Litem, Thomas W. Kyle, Steven Albrecht, Sr., Kari Sosnowski, by her Guardian ad Litem, Thomas W. Kyle and Cyndi Anderson, Intervening-Plaintiffs,
Oneida County Department of Social Services, Involuntary-Plaintiff,
v.
WISCONSIN AMERICAN MUTUAL INSURANCE COMPANY, Defendant-Respondent,[]
Interstate Brands Corporation, ACE American Insurance Company and Ryan Friberg, Defendants.
No. 2009AP1422.
Court of Appeals of Wisconsin.
Submitted on Briefs February 2, 2010.
Opinion Filed May 4, 2010.
*55 On behalf of the plaintiffs-appellants, the cause was submitted on the briefs of D.J. Weis and Rhonda L. Lanford of Habush Habush & Rottier S.C., Rhinelander.
On behalf of the defendant-respondent, the cause was submitted on the brief of John M. Swietlik, Jr. and Michael D. Aiken of Kasdorf, Lewis & Swietlik, S.C., Milwaukee.
Before HOOVER, P.J., PETERSON and BRUNNER, JJ.
PETERSON, J.
¶ 1 Jessica Siebert appeals a summary judgment in favor of Wisconsin American Mutual Insurance Company declaring there is no coverage for her negligent entrustment claim against Jessica Koehler. The circuit court concluded that, because there was no coverage for the driver's negligent operation of a vehicle, there was also no coverage for Koehler's negligent entrustment of the vehicle to the driver. We disagree. We therefore reverse and remand.

BACKGROUND
¶ 2 Koehler lent her father's car to Jesse Raddatz to run an errand. Raddatz instead used the car to pick up Siebert and go to a party. On the way to the party, Raddatz got into an accident, injuring Siebert. Siebert sued Koehler's father's insurer, Wisconsin American, alleging its automobile liability policy covered Raddatz's negligence. Under the policy, Raddatz's negligence would be covered if he was an insured person. In this situation, that meant he must have had permission to operate the vehicle and did not exceed the scope of that permission. A jury concluded Raddatz exceeded the scope of permission.
¶ 3 The court then permitted Siebert to amend her complaint to assert a claim that Koehler negligently entrusted the car to Raddatz. Wisconsin American moved for summary judgment, arguing the independent concurrent cause rule barred coverage for this claim. It contended that Siebert's negligent entrustment claim against Koehler depended on Raddatz's negligent driving. Based on the jury verdict, there was no coverage for Raddatz's driving. Therefore, Wisconsin American argued it follows that there is also no coverage for Koehler's negligent entrustment. Wisconsin American also contended issue preclusion prevented Siebert from proving negligent entrustment: because the jury found Raddatz exceeded the scope of Koehler's permission, Siebert could not prove Koehler permitted Raddatz to use the car the way he did.
*56 ¶ 4 The circuit court did not address the latter argument. But it agreed with Wisconsin American that Siebert's negligent entrustment claim was barred by the independent concurrent cause rule:
The alleged negligence of Raddatz is not covered under the policy pursuant to the jury's finding ... [he] exceeded the scope of permission. And so Raddatz's negligent operation of the vehicle is an excluded risk. And because the negligent entrustment claim against Koehler requires the occurrence of Raddatz's negligence and because a claim for Raddatz's negligence is excluded under the policy, the alleged negligent entrustment by Koehler is not an independent concurrent cause.
The court therefore granted summary judgment in favor of Wisconsin American.

DISCUSSION
¶ 5 Whether a circuit court properly granted summary judgment is a question of law we review independently. Torgerson v. Journal/Sentinel, Inc., 210 Wis.2d 524, 536, 563 N.W.2d 472 (1997). Summary judgment is proper when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. WIS. STAT. § 802.08(2).[1]

1. Independent concurrent cause rule
¶ 6 "The independent concurrent cause rule operates to extend coverage to a loss caused by the insured risk even though the excluded risk is a contributory cause, where a policy expressly insures against loss by one risk but excludes loss caused by another risk." Estate of Jones v. Smith, 2009 WI App 88, ¶ 5, 320 Wis.2d 470, 768 N.W.2d 245 (citation and internal punctuation omitted). "The independent concurrent cause must provide the basis for a cause of action in and of itself and must not require the occurrence of the excluded risk to make it actionable." Id. (citation omitted).
¶ 7 Siebert argues the independent concurrent cause rule does not apply here because her negligent entrustment claim does not implicate an excluded risk. We agree.
¶ 8 The circuit court concluded that because there was no coverage for Raddatz's negligence under the Wisconsin American policy, it was an "excluded risk." However, this conclusion conflates lack of coverage with excluded risk. An excluded risk is a risk for which the insurance company did not receive a premium. See Lawver v. Boling, 71 Wis.2d 408, 422, 238 N.W.2d 514 (1976). For example, homeowner's policies do not insure against the risk of automobile accidents off the insured premises. Thus, an automobile accident off the premises is not an insured risk under a homeowner's policy. See Bankert v. Threshermen's Mut. Ins. Co., 110 Wis.2d 469, 329 N.W.2d 150 (1983) (where farmowners had a farm policy that excluded automobile accidents off the farm premises, their son's motorcycle accident off the premises was an excluded risk).
¶ 9 Here, Raddatz was not an insured person under the Wisconsin American policy because he exceeded the scope of Koehler's permission. But that does not mean Koehler's policy excluded the risk that an individual entrusted with the insured car might cause bodily injury while using the car. The policy promises to "pay damages an insured person is legally liable for because of bodily injury and property damage due to the use of a car...." Individuals other than the driver can be insured persons: "[L]iability can arise when any person [negligently entrusts *57 another with a vehicle]." Bankert, 110 Wis.2d at 475-76, 329 N.W.2d 150. There is no dispute Koehler was an insured person under the policy. The risk that Koehler could incur liability for lending her father's car to someone who then operated it negligently, then, was a risk the policy insured. Indeed, Wisconsin American's argument that Koehler's coverage depends on Raddatz's coverage implicitly concedes this. If Koehler's coverage depends on Raddatz's coverage, it would follow that Koehler would be covered for the risk of entrusting Raddatz with her father's car had he operated it within the scope of her permission.
¶ 10 Yet, Wisconsin American contends that under the independent concurrent cause rule, Koehler's coverage for this very same risk disappears simply because Raddatz flouted Koehler's permission. That is not how the rule operates. The rule is concerned not with who is covered for their actions, but with whether the risk is one the policy insures. For example, in Estate of Jones, a two-year-old girl died after a day care driver forgot he left the girl buckled into the backseat of the van. Although the girl was expected at the day care that day, none of the staff inquired about her whereabouts or looked for her. As relevant here, the girl's estate sought recovery under the day care's commercial general liability policy. Although the policy explicitly excluded liability arising out of the use of automobiles, the girl's estate contended the policy provided coverage for the incident because the staff's on-site negligence in failing to look for the girl was an independent concurrent cause of her death. Thus, the independent concurrent cause rule permitted the estate to argue coverage should be extended to an excluded riskautomobile liabilitybecause the death was also caused by an insured risk-the staff's on-site negligence. See Estate of Jones, 320 Wis.2d 470, ¶ 12, 768 N.W.2d 245.
¶ 11 As discussed above, however, Siebert's negligent entrustment claimunlike the claim in Estate of Jonesdoes not implicate an excluded risk. Raddatz's own negligence may be excluded from coverage, but the risk associated with Koehler lending her car to him is not. The rule therefore does not apply here.[2]

2. Claim preclusion
¶ 12 Wisconsin American also argues that the jury's conclusion Raddatz exceeded the scope of permission precludes Siebert's negligent entrustment claim because it prevents Siebert from arguing Raddatz had permission to use the car the way he did. Siebert counters that it is immaterial Koehler did not permit Raddatz to do what he eventually did. What is important, she contends, is simply that Koehler permitted Raddatz to use the car.
¶ 13 We agree with Siebert. To prove negligent entrustment, Siebert must show Koehler (1) was initially in control of the vehicle, (2) permitted Raddatz to use it, and (3) knew or should have known Raddatz intended or was likely to use the vehicle in a way that would create an unreasonable risk of harm to others. See Bankert, 110 Wis.2d at 469, 475-76, 329 N.W.2d 150; see also WIS JICIVIL 104 (2003). The issue, then, is not whether Koehler actually permitted Raddatz to use *58 the car as he did, but whether she entrusted it to him and knew or should have known he would use it in a way that would create an unreasonable risk. See id. Therefore, the jury's conclusion Raddatz acted outside the scope of Koehler's permission does not preclude Siebert from showing Koehler negligently entrusted Raddatz with the car.
Judgment reversed and cause remanded.
NOTES
[] Petition For Review Filed.
[1] References to the Wisconsin Statutes are to the 2007-08 version.
[2] Beyond the fact that the independent concurrent cause rule does not apply here, Wisconsin American's argument that it bars coverage is problematic. As described in the text of this opinion, the independent concurrent cause rule extends coverage to an excluded risk when a loss is also caused by an insured risk. Wisconsin American cites no authority for the idea the rule functions as an affirmative bar to coverage.