# SUPREME COURT OF WISCONSIN

| | |
|---|---|
| CASE NO.: | 2015AP79 |
| COMPLETE TITLE: | Maya Elaine Smith, |

Plaintiff,

   v.

Jeff Anderson, d/b/a Anderson Real Estate Services,

     Defendant-Third-Party Plaintiff,

   v.

4th Dimension Design, Inc.,

     Third-Party Defendant,

R & B Construction, Inc.,

     Third-Party Defendant-Appellant-Petitioner,

West Bend Mutual Insurance Company,

     Intervenor-Respondent.

REVIEW OF A DECISION OF THE COURT OF APPEALS
Reported at 366 Wis. 2d 808, 874 N.W.2d 347
(WI Ct. App. 2016 – Unpublished)

| | |
|---|---|
| OPINION FILED: | April 27, 2017 |
| SUBMITTED ON BRIEFS: | |
| ORAL ARGUMENT: | October 18, 2016 |

| | |
|---|---|
| SOURCE OF APPEAL: | |
|  COURT: | Circuit |
|  COUNTY: | Milwaukee |
|  JUDGE: | Pedro Colon |

| | |
|---|---|
| JUSTICES: | |
|  CONCURRED: | ROGGENSACK, C. J. concurs (opinion filed). |
|  DISSENTED: | ABRAHAMSON, J. dissents, joined by BRADLEY A. W., J. (opinion filed). |
|  NOT PARTICIPATING: | ZIEGLER, J. and BRADLEY, R. G., J. did not participate. |

ATTORNEYS:

For the third-party defendant-appellant-petitioner, there were briefs by *John E. Machulak* and *Machulak, Robertson & Sodos, S.C.,* Milwaukee, and oral argument by *John E. Machulak.*

For the intervenor-respondent, there was a brief by *Jeffrey L. Leavell, Danielle N. Rousset* and *Jeffrey Leavell, S.C.,* Racine, and oral argument by *Jeffrey L. Leavell.*

NOTICE

This opinion is subject to further
editing and modification. The final
version will appear in the bound
volume of the official reports.

No.   2015AP79
(L.C. No.   2013CV7085)

STATE OF WISCONSIN          :     IN SUPREME COURT

**Maya Elaine Smith,**

        **Plaintiff,**

    **v.**

**Jeff Anderson, d/b/a Anderson Real Estate
Services,**

        **Defendant-Third-Party Plaintiff,**

    **v.**

**4th Dimension Design, Inc.,**

        **Third-Party Defendant,**

**R & B Construction, Inc.,**

        **Third-Party Defendant-Appellant-
        Petitioner,**

**West Bend Mutual Insurance Company,**

        **Intervenor-Respondent.**

**FILED**

**APR 27, 2017**

Diane M. Fremgen
Clerk of Supreme Court

_____

        Review of the decision of the Court of Appeals is dismissed
as improvidently granted.

        ¶1    PER CURIAM.   On April 6, 2016 we granted R&B
Construction, Inc.'s petition for review of an unpublished

decision of the Court of Appeals.[1] Briefing of the parties and of the amicus, Wisconsin Defense Counsel, Inc., were timely completed, and on October 18, 2016, the court held oral argument.

¶2 The petition for review asked the court to decide: (1) whether a third-party complaint may state a claim for which an insurance company has a duty to defend when the third-party plaintiff was sued for misrepresentation by the first-party plaintiff; (2) whether a third-party defendant may supplement the third-party complaint with additional facts when the third-party defendant seeks a defense from its insurance company; and (3) whether summary judgment denying a claim for defense conclusively concludes the duty to defend question, notwithstanding subsequent developments in the lawsuit.

¶3 The circuit court granted summary judgment to West Bend Mutual Insurance Company.[2] The circuit court concluded that there was no initial grant of coverage and also, if there were an initial grant of coverage, the policy exclusions prevented coverage for the claims for which R&B Construction sought defense. Therefore, West Bend Mutual had no duty to defend. The circuit court dismissed West Bend Mutual from the lawsuit and R&B appealed.

---

[1] Smith v. Anderson, No. 2015AP79, unpublished slip op. (Wis. Ct. App. Dec. 22, 2015).

[2] The Honorable Pedro A. Colon of Milwaukee County presided.

¶4 In considering R&B's claim that West Bend Mutual had a duty to defend R&B, the Court of Appeals decided no defense was due based solely on its conclusion that there was no initial grant of coverage for the injury from which a duty to defend could arise.[3] However, that was not the only argument that West Bend Mutual made to the Court of Appeals. West Bend Mutual also asserted that if the Court of Appeals concluded that there was an initial grant of coverage, the policy exclusions obviated coverage and therefore, there was no duty to defend.

¶5 The petition for review and the responses presented to us during our review focused on the Court of Appeals decision. Therefore, they were limited to whether there was an initial grant of coverage under the policy. No party argued that if there was an initial grant of coverage, the policy exclusions nevertheless precluded coverage. Therefore, no party challenged the circuit court's conclusion that the policy exclusions precluded coverage, a conclusion that the Court of Appeals' decision left in place because the Court of Appeals did not address policy exclusions.

¶6 In 2016, we decided <u>Water Well Sol. Serv. Group, Inc. v. Consolidated Ins. Co.</u>, 2016 WI 54, 369 Wis. 2d 607, 881 N.W.2d 285. One of the questions presented in <u>Water Well</u> was whether a four-corners analysis required interpretation of the entire policy, i.e., whether there was an initial grant of

---

[3] <u>Smith v. Anderson</u>, No. 2015AP79, unpublished slip op., ¶¶16-17 (Wis. Ct. App. Dec. 22, 2015).

coverage and whether any exclusion or exception affected coverage.  Id., ¶2.  We concluded that when a claim for defense is made, courts must interpret the entire policy – including any grant of coverage and all applicable exclusions and exceptions to exclusions that bear on coverage.  Id., ¶¶2-3 (citing Marks v. Houston Cas. Co., 2016 WI 53, ¶¶61-76, 369 Wis. 2d 547, 881 N.W.2d 309).

¶7  In the case now before us, if we were to stop our analysis after determining that there was an initial grant of coverage, the parties would not receive a full four-corners analysis.  Our decision could be viewed as retreating from the clear directive we gave in Water Well where we said, "under the four-corners rule the entire policy must be examined, including the coverage-granting clauses, exclusions, and exceptions to any applicable exclusions."  Id., ¶2.

¶8  Our decision also would create confusion because the circuit court concluded that the "Your Work" exclusion precluded coverage, and that decision was not overturned by the Court of Appeals.  Before us, neither party briefed or argued that coverage was precluded by a policy exclusion.  Therefore, were we to follow the lead of the parties and the Court of Appeals and not address exclusions and any applicable exceptions to exclusions, a question would remain about whether West Bend Mutual had a duty to defend R&B because the circuit court concluded that an exclusion precluded coverage under the West Bend policy.

4

¶9 Accordingly, because there are coverage questions for which no argument or briefing was provided to us and because deciding only whether there is a grant of coverage will cause confusion and provide no answer to the parties on how they are to proceed, we conclude that the petition for review was improvidently decided.

*By the Court.*—The review of the decision of the court of appeals is dismissed as improvidently granted.

¶10 ANNETTE KINGSLAND ZIEGLER and REBECCA GRASSL BRADLEY, JJ., did not participate.

¶11 PATIENCE DRAKE ROGGENSACK, C.J. *(concurring).* Although I agree that the review herein was improvidently granted, I write in concurrence for two reasons: (1) to point out the significant risk parties face in failing to complete a full, four-corners analysis before us, as is required by <u>Water Well Sol. Serv. Group, Inc. v. Consolidated Ins. Co.</u>, 2016 WI 54, ¶2, 369 Wis. 2d 607, 881 N.W.2d 285, and (2) to avoid public confusion, which could result from Justice Abrahamson's dissent.

¶12 Unlike the full, four-corners analysis, which the parties completed in both the circuit court and the court of appeals, they presented only a partial analysis here. They addressed only the initial grant of coverage issue. As is apparent from Justice Abrahamson's writing that follows, she would conclude that there was an initial grant of coverage. West Bend Mutual ignored the risk that we could conclude that its policy made an initial grant of coverage when West Bend Mutual limited the issues it presented to us and did not address the policy exclusions. Ms. Smith ignored the risk that the circuit court's conclusion that the "Your Work" exclusion precluded coverage when she chose not to attack that decision as part of her review here. As a cautionary note, a full, four-corners analysis is required, as we explained in <u>Water Well</u>.

¶13 Justice Abrahamson states, "We conclude" that no policy exclusion excuses West Bend's duty to defend. However this conclusion is unsupported by anything other than one sentence found in ¶43 of her writing. In ¶43, she also states, "we reverse the decision of the court of appeals," when the

majority of the court does not reverse the decision of the court of appeals. Accordingly, I write to avoid the potential for public confusion that her writing may create.

¶14 SHIRLEY S. ABRAHAMSON, J. *(dissenting).* This court seriously errs in dismissing this petition for review as improvidently granted. It errs because the parties and the public need a decision from this court on the important issues the parties presented, briefed, and argued in this court.

¶15 This dismissal embodies regrettable appellate practice given the circumstances of this case and the court's scanty workload.

¶16 This dismissal has unnecessarily caused these parties and the amicus curiae expense and delay without giving the parties, the amicus, or the public the benefit of a decision on important issues.[1]

¶17 The parties have been awaiting a final appellate decision for more than two years since the circuit court issued its judgment. Obviously, they have incurred substantial expenses. The circuit court entered judgment on November 25, 2014. The court of appeals issued its decision on December 22, 2015. This court granted R&B Construction's petition for review on April 6, 2016. R&B Construction, Inc., West Bend Mutual Insurance Company, and Wisconsin Defense Counsel Inc., as amicus curiae, all filed briefs in this court. This court held oral argument on October 18, 2016.

¶18 The petition for review in the instant case raised the following significant issues:

---

[1] Wisconsin Defense Counsel, Inc. filed an amicus curiae brief.

1

1. Can a third-party complaint state a claim that an insurance company has a duty to defend, where the complaint against the third-party plaintiff is for misrepresentation?

2. Should a party looking to his insurance company to provide him with a defense be able to introduce information not stated in the pleadings to show that there could be claims requiring his insurer to provide a defense?

3. Can a party denied a defense after his insurance company succeeds on a motion for summary judgment reassert a right to a defense if later developments in the case show that he is entitled to a defense?

¶19 We granted review of these issues because they are law-developing. Resolving the first issue relating to third-party practice would have given this court the opportunity to explain the proper application of the four-corners rule in duty-to-defend cases involving third-party complaints and answers.

¶20 The case also presents yet another important opportunity to educate litigants and ourselves about preserving issues for review in this court. We have missed a good opportunity to once again clarify the rules of appellate practice.

¶21 Furthermore, the court's case load is scanty. We probably will decide fewer than 55 cases from September 2016 through June 2017 (up from fewer than 45 cases from September 2015 through June 2016).

¶22 Here are the circumstances leading to the untoward dismissal in the instant case.

¶23 The court of appeals held in favor of West Bend Insurance on coverage, a dispositive issue. As a result, the court of appeals need not, and did not, decide whether certain

policy exclusions precluded a duty to defend.[2]  Because West Bend Insurance failed to assert in this court that its duty to defend was precluded by policy exclusions, an argument that would have supported the decision of the court of appeals, West Bend Insurance waived (forfeited) its right to have this court decide the policy exclusion issue as a matter of right.

¶24 To preserve the issue of the effect of the policy exclusions for review as a matter of right in this court, West Bend Insurance was required to present the issue of policy exclusions to this court.  It could have accomplished this goal in one of two ways.

¶25 West Bend Insurance could have presented the issue of policy exclusions to this court in its response to R&B Construction's petition for review.  Wisconsin Stat. § (Rule) 809.62(3)(d) provides:  "If filed, the response may contain any of the following: . . . (d) Any alternative ground supporting the court of appeals result or a result less favorable to the opposing party than that granted by the court of appeals."[3]  West Bend did not present the issue of policy exclusions in its response to R&B Construction's petition for review.[4]

---

[2] Smith v. Anderson, No. 2015AP79, unpublished slip op., ¶17, n.2 (Wis. Ct. App. Dec. 22, 2015).

[3] See In Interest of Jamie L., 172 Wis. 2d 218, 232-33, 493 N.W.2d 56 (1992).

[4] Michael S. Heffernan gives the following practice tip in Appellate Practice and Procedure in Wisconsin § 23.13 (7th ed. 2016), regarding a response to a petition for review:

(continued)

3

¶26 Alternatively, West Bend Insurance could have asserted and discussed the issue of policy exclusions in its brief in this court.[5] West Bend Insurance's brief in this court did not present or develop this issue of policy exclusions.

¶27 Having taken neither alternative course of action, West Bend Insurance has not preserved this issue for review as a matter of right.

¶28 In light of West Bend Insurance's failure to preserve the issue of policy exclusions as a matter of right, the court has three alternative courses of action it might take in the instant case: (1) The court may review the issue; (2) the court may decide West Bend Insurance has waived (forfeited) the right to a review of the issue; or (3) the court may remand the issue to the court of appeals for a review of the decision of the circuit court on the issue.[6]

---

It is particularly important to file a response if the respondent believes that there are alternative grounds to support the underlying decision, or if there are issues that need to be decided other than those relied on by the court of appeals. See State v. Smith, 2016 WI 23, ¶41, 367 Wis. 2d 483, 878 N.W.2d 135, petition for cert. filed (U.S., Oct. 10, 2016 (No. 16-6409); see also Wis. Stat. Ann. § 809.62(3), Judicial Council Committee cmt.——2008.

West Bend Insurance did not have to file a cross-petition. It had no adverse decision from which to cross-petition. See Wis. Stat. § (Rule) 809.62(7); In Interest of Jamie L., 172 Wis. 2d 218, 232-33, 493 N.W.2d 56 (1992); Michael S. Heffernan, Appellate Practice and Procedure in Wisconsin § 23.13 (7th ed. 2016). West Bend Insurance did not file a cross-petition.

[5] See Jamie L., 172 Wis. 2d at 232-33.

[6] See Jamie L., 172 Wis. 2d at 232-33.

¶29 Holding West Bend Insurance to have waived (forfeited) the application of its policy exclusions is especially apt in the instant case. The court should not decide the issue without briefs.[7] Nor should the court examine the briefs filed in the court of appeals on appeal from the circuit court in lieu of requiring briefs here. The order granting the petition for review explicitly states that if a party wishes to rely on any materials in its brief to the court of appeals, the material has to be restated in the brief filed in this court. Nor should the court order additional briefs here or remand the issue to the court of appeals. West Bend Insurance was fully cognizant of the policy exclusion issue and obviously decided not to raise it in this court. There is no compelling reason to give West Bend Insurance another kick at the can.[8]

¶30 Here's the opinion that I think this court should be issuing reversing the decision of the court of appeals:

* * * *

REVIEW of a decision of the Court of Appeals. *Reversed and remanded.*

---

[7] Cf. State v. Howes, 2017 WI 18, ¶¶103-106, 373 Wis. 2d 468, ___ N.W.2d ___ (Abrahamson, J., dissenting).

[8] See State v. Alexander, 2013 WI 70, ¶31 n.10, 349 Wis. 2d 327, 833 N.W.2d 126, quoting with approval Rivera-Gomez v. de Castro, 843 F.2d 631, 635 (1st Cir. 1988) ("Judges are not expected to be mindreaders. Consequently, a litigant has an obligation to spell out its arguments squarely and distinctly . . . , or else forever hold its peace.") (internal quotation marks and citation omitted).

¶31 SHIRLEY S. ABRAHAMSON, J. This is a review of an unpublished decision of the court of appeals.[9] The court of appeals affirmed the order of the circuit court for Milwaukee County, Pedro Colon, Judge, granting summary judgment in favor of West Bend Mutual Insurance Company against its insured, R&B Construction, Inc. The circuit court declared that West Bend Insurance had no duty to defend its insured, R&B Construction, with respect to a third-party complaint Jeff Anderson, d/b/a Anderson Real Estate Services, filed against R&B Construction, Inc.

¶32 According to the court of appeals, the third-party complaint did not allege "property damage" or an "occurrence" under the terms of the insurance policy.

¶33 For the reasons set forth, we conclude that the allegations against R&B Construction in Jeff Anderson's third-party complaint assert property damage caused by an occurrence, as those words are used within the insurance policy issued by West Bend Insurance. Thus, West Bend Insurance has a duty to defend R&B Construction in Jeff Anderson's third-party action.

¶34 West Bend Insurance failed to assert in this court that its duty to defend was precluded by exclusions in the policy. Thus, West Bend Insurance failed to preserve this issue for review as a matter of right. It has waived or forfeited this issue.

_____

[9] Smith v. Anderson, No. 2015AP79, unpublished slip op. (Wis. Ct. App. Dec. 22, 2015).

6

¶35 The facts giving rise to the waiver or forfeiture began when the court of appeals held in favor of West Bend Insurance on coverage, a dispositive issue, and did not decide whether certain policy exclusions precluded a duty to defend.[10] Because West Bend Insurance failed to assert in this court that its duty to defend was precluded by policy exclusions, an argument that would have supported the decision of the court of appeals, West Bend Insurance waived (forfeited) its right to have this court decide the policy exclusion issue as a matter of right.

¶36 To preserve the issue of the effect of the policy exclusions for review as a matter of right in this court, West Bend Insurance was required to present the issue of policy exclusions to this court. It could have accomplished this in one of two ways.

¶37 West Bend Insurance could have presented the issue of policy exclusions to this court in its response to R&B Construction's petition for review. Wisconsin Stat. § (Rule) 809.62(3)(d) provides: "If filed, the response may contain any of the following: . . . (d) Any alternative ground supporting the court of appeals result or a result less favorable to the opposing party than that granted by the court of appeals."[11] West Bend did not present the issue of policy

---

[10] Smith v. Anderson, No. 2015AP79, unpublished slip op., ¶17, n.2 (Wis. Ct. App. Dec. 22, 2015).

[11] See Jamie L., 172 Wis. 2d at 232-33.

exclusions in its response to R&B Construction's Petition for Review.[12]

¶38 Alternatively, West Bend Insurance could have asserted and discussed the issue of policy exclusions in its brief in this court.[13] West Bend Insurance's brief in this court did not present or develop this issue of policy exclusions.

¶39 Having taken neither alternative course of action, West Bend Insurance has not preserved this issue for review as a matter of right.

¶40 In light of West Bend Insurance's failure to preserve the issue of policy exclusions as a matter of right, the court has three alternative courses of action it might take in the instant case: (1) The court may review the issue; (2) the court

---

[12] Michael S. Heffernan gives the following practice tip in Appellate Practice and Procedure in Wisconsin § 23.13 (7th ed. 2016), regarding a response to a petition for review:

It is particularly important to file a response if the respondent believes that there are alternative grounds to support the underlying decision, or if there are issues that need to be decided other than those relied on by the court of appeals. See State v. Smith, 2016 WI 23, ¶41, 367 Wis. 2d 483, 878 N.W.2d 135, petition for cert. filed (U.S., Oct. 10, 2016 (No. 16-6409); see also Wis. Stat. Ann. § 809.62(3), Judicial Council Committee cmt.——2008.

West Bend Insurance did not have to file a cross-petition. It had no adverse decision from which to cross-petition. See Wis. Stat. § (Rule) 809.62(7). See Jamie L., 172 Wis. 2d at 232-33; Michael S. Heffernan, Appellate Practice and Procedure in Wisconsin § 23.13 (7th ed. 2016). West Bend Insurance did not file a cross-petition.

[13] See Jamie L., 172 Wis. 2d at 232-33.

may decide West Bend Insurance has waived (forfeited) the right to a review of the issue; or (3) the court may remand the issue to the court of appeals for a review of the decision of the circuit court on the issue.[14]

¶41 Holding West Bend Insurance to have waived (forfeited) the application of its policy exclusions is especially apt in the instant case. The court should not decide the issue without briefs.[15] Nor should the court examine the briefs filed in the court of appeals on appeal from the circuit court in lieu of requiring briefs here. The order granting the petition for review explicitly states that if a party wishes to rely on any materials in its brief to the court of appeals, the material has to be restated in the brief filed in this court. Nor should the court order additional briefs here or remand the issue to the court of appeals. West Bend Insurance was fully cognizant of the policy exclusion issue and obviously decided not to raise it in this court. There is no compelling reason to give West Bend Insurance another kick at the can.[16]

---

[14] See Jamie L., 172 Wis. 2d at 232-33.

[15] Cf. State v. Howes, 2017 WI 18, ¶¶103-106, 373 Wis. 2d 468, ___ N.W.2d ___ (Abrahamson, J., dissenting).

[16] See State v. Alexander, 2013 WI 70, ¶31 n.10, 349 Wis. 2d 327, 833 N.W.2d 126, quoting with approval Rivera-Gomez v. de Castro, 843 F.2d 631, 635 (1st Cir. 1988) ("Judges are not expected to be mindreaders. Consequently, a litigant has an obligation to spell out its arguments squarely and distinctly . . . , or else forever hold its peace.") (internal quotation marks and citation omitted).

9

¶42 Accordingly, we need address only whether West Bend has a duty to defend under the coverage provisions of the policy, namely the provisions regarding "property damage" and "occurrence" because that is the only issue raised and briefed by the parties in regard to the duty to defend.

¶43 We conclude that West Bend Insurance has a duty to defend under the coverage provisions of the policy, and that West Bend has forfeited or waived any argument it had that a policy exclusion excuses its duty to defend. Accordingly, we reverse the decision of the court of appeals and remand the cause to the circuit court for further proceedings not inconsistent with this decision.

¶44 To understand the legal issue regarding the duty to defend, we have to set the stage from the beginning. This litigation began shortly after Maya Elaine Smith purchased a residence in Milwaukee from the owner, Jeff Anderson, d/b/a Anderson Real Estate Services. After apparently discovering defects in the structure, including leaks in the basement, Smith, the plaintiff, sued Jeff Anderson, the defendant, asserting a claim for breach of contract and numerous claims for misrepresentation. Smith amended her complaint on January 27, 2014.

¶45 When we refer herein to the Smith complaint, we are referring to the amended Smith complaint. For purposes of this decision it would not matter whether we referred to the original Smith complaint or the amended complaint; they are substantially

the same.[17]  The amended complaint further develops factual allegations.  The facts that are material to our analysis——that the basement leaked and the drain tiles were clogged, both of which require repair——appear in both complaints.

¶46  Jeff Anderson, the defendant in Smith's complaint, in turn sued (by means of a third-party complaint) 4th Dimension

_____

[17] Anderson's third-party complaint was filed before Smith's amended complaint was served on Anderson.  Anderson attached the original Smith complaint to his third-party complaint.  The third-party complaint was not amended to attach the amended Smith complaint.  We examine the amended complaint for several reasons.

The parties, the circuit court, and the court of appeals discuss the amended complaint.  For example, West Bend Insurance stated in its Intervenor Complaint that its "policy does not provide coverage, either defense or indemnity, for the allegations of the amended complaint or the third party complaint."

The amended complaint in the instant case was filed as a matter of course.  No permission was needed from the circuit court or parties because the amended complaint was filed within six months of the filing of the complaint.  Wis. Stat. § 802.09(1).  "[A]n amended complaint supersedes or supplants the prior complaint.  When an amended complaint supersedes a prior complaint, the amended complaint becomes the only live, operative complaint in the case . . . ."  Holman v. Family Health Plan, 227 Wis. 2d 478, ¶12, 596 N.W.2d 358 (1999) (footnote omitted).  The amended complaint in the instant case apparently became effective as to Jeff Anderson on February 3, 2014, when he was served with the amended complaint.

"Generally, an amended complaint supersedes a previous pleading and will determine a liability insurer's duty to defend. . . . Accordingly, most courts require that the latest amended pleadings or potential amendments be relied upon by the insurer in determining its duty to defend."  14 Steven Plitt et al., Couch on Insurance § 200:20 (3d ed. 2005).

11

Design, Inc., an engineering firm,[18] and R&B Construction, a contractor, naming both as third-party defendants. Jeff Anderson, the third-party plaintiff, had contracted with these two firms to do work on the residence before the sale to Smith.

¶47 4th Dimension Design, Inc. inspected the residence, assessed the basement walls' structural integrity, and submitted a report to Jeff Anderson. Jeff Anderson then gave the report and engineering plans to the contractor, R&B Construction, with directions to implement 4th Dimension's recommendations and plans. According to Jeff Anderson's third-party complaint, R&B Construction, among other things, repaired the basement's walls, replaced drain tiles, installed a sump pump and sump crock, and provided warranties against faulty workmanship or materials for the basement repair and resolution of drainage issues.

¶48 Jeff Anderson's third-party complaint seeks contribution or indemnity from these two third-party defendants, should Jeff Anderson be held liable to Smith.[19] Contribution and indemnification seek to distribute liability among multiple actors that cause the same harm.

¶49 R&B Construction was insured under a Contractors Businessowners' Liability Policy with West Bend Insurance. This

---

[18] 4th Dimension Design is not a party in the review before us.

[19] Jeff Anderson's third-party complaint alleged that if he is found liable to Smith, "he is entitled to be indemnified and held harmless from any and all liabilities . . . ," "requests that the third party defendants contribute their respective share of liability," and asserts "a claim for contribution . . . against [the] third party defendants."

is a standard Commercial General Liability Policy ("CGL"), which "protects the insured against liability for damages the insured's negligence causes to third parties."[20]

¶50 R&B Construction tendered its defense in Anderson's third-party action to West Bend Insurance, its insurance company. West Bend Insurance intervened in the lawsuit.[21] It moved for summary judgment, asserting that it has no duty to defend R&B Construction because the Smith complaint and the Jeff Anderson third-party complaint do not allege property damage (as defined in the policy) caused by an occurrence (as defined in the policy). The circuit court granted summary judgment in favor of West Bend Insurance, concluding that West Bend Insurance had no duty to defend R&B Construction.

¶51 In deciding the instant case, we must examine both Smith's complaint and Anderson's third-party complaint, as did the parties, the circuit court, and the court of appeals.

¶52 After the circuit court ruled that West Bend Insurance had no duty to defend R&B Construction in Jeff Anderson's third-party complaint against R&B Construction, R&B Construction moved for summary judgment seeking dismissal of Jeff Anderson's third-party complaint against it. The circuit court denied this motion, seemingly suggesting that R&B Construction's negligent

---

[20] Wis. Label Corp. v. Northbrook Prop. & Cas. Ins. Co., 2000 WI 26, ¶27, 233 Wis. 2d 314, 607 N.W.2d 276.

[21] On tender of defense from its insured, an insurance company can proceed in several different ways. See Marks v. Houston Cas. Co., 2016 WI 53, ¶41, n.21, 369 Wis. 2d 547, 881 N.W.2d 309.

13

work at the residence may have caused the damage Smith claimed was caused by Jeff Anderson.

¶53 The circuit court's explanation for denying R&B Construction's motion for summary judgment against Jeff Anderson is as follows:

> [T]here's some deviations which are significant in the design by 4-D of the basement walls. Now I'm not concluding that that is in fact the standard or that in fact their deviation, if there is one, would contribute to the condition of this faulty leaky basement. But it is a disputed fact.
>
> . . . .
>
> So with the evidence before the court, there's——and taking all inferences in favor of the defendant, I can't find that there's not a dispute of material fact. I think there is a dispute of material fact and the allocation of responsibility within or——negligence within which is allocated, I am not sure about at this juncture nor do I have to decide.
>
> . . . .
>
> I don't know that we have the facts today. But I wonder whether or not R&B shares responsibility, but we'll find that out through discovery I suspect.

¶54 R&B Construction stresses the disparity in the circuit court's rulings on the two summary judgment motions. R&B Construction interprets the circuit court as concluding, in R&B Construction Company's summary judgment motion against Jeff Anderson (the second summary judgment motion), that Anderson's third-party complaint stated a valid claim against R&B Construction for negligent or faulty work on the basement or drain tiles. R&B Construction further asserts that because such a claim against R&B Construction is the sort of claim that is covered by R&B Construction's policy, West Bend Insurance should

14

have a duty to defend R&B Construction in Jeff Anderson's third-party complaint against R&B Construction and that West Bend Insurance should not have been relieved of any duty to defend R&B Construction.

¶55 R&B Construction filed a petition for leave to file an interlocutory appeal of the circuit court's denial of its motion for summary judgment against Jeff Anderson, but the court of appeals denied R&B Construction's petition. On R&B Construction's motion, the circuit court has stayed all proceedings in the instant case pending before it.

¶56 In the instant case, the court of appeals refused to consider the circuit court's order denying R&B Construction's motion for summary judgment against Jeff Anderson (the second summary judgment motion). The court of appeals declared that that order was not before it.[22]

¶57 Similarly, the circuit court's order denying R&B Construction's motion for summary judgment against Jeff Anderson (the second summary judgment) is not before this court. The only order before us is the order in favor of West Bend Insurance against R&B Construction on the issue of whether West Bend Insurance has a duty to defend R&B Construction in Jeff Anderson's third-party complaint against it.

¶58 The basic issue presented is whether Jeff Anderson's third-party complaint against R&B Construction (to which Smith's complaint against Jeff Anderson is attached) states a claim that

---

[22] Smith v. Anderson, No. 2015AP79, unpublished slip op. (Wis. Ct. App. Dec. 22, 2015), ¶17 n.2.

West Bend Insurance had a duty to defend R&B Construction. The answer to this question depends on several rules and principles of law that we shall address on the way to reversing the decision of the court of appeals and concluding that West Bend Insurance has a duty to defend R&B Construction in the third-party action. We remand the cause to the circuit court for further proceedings not inconsistent with this decision.

I

¶59 The first issue of law we address is the standard of review of the circuit court order granting summary judgment to West Bend Insurance. We then set forth the four-corners rule used to determine whether West Bend Insurance has a duty to defend its insured. We then examine rules for interpreting complaints and insurance policies, and principles applicable to contribution and indemnification.

¶60 When we review a circuit court order granting summary judgment, we apply the same standard of review and methodology as that used by the circuit court.[23] Summary judgment is appropriate when there is no issue of material fact and the moving party is entitled to judgment as a matter of law.[24]

¶61 When no extrinsic evidence is admitted on the motion for summary judgment (and none is considered in the instant case), the interpretation of an insurance policy, including the

---

[23] Fireman's Fund Ins. Co. of Wis. v. Bradley Corp., 2003 WI 33, ¶15, 261 Wis. 2d 4, 660 N.W.2d 666.

[24] Wis. Stat. § 802.08(2) (2011-12).

16

duty to defend, is a question of law that this court determines independently of the circuit court or the court of appeals while benefiting from their analyses.[25]

¶62 In determining whether an insurance company has a duty to defend its insured, the court applies the four-corners rule.[26] Under the four-corners rule, the court determines an insurance company's duty to defend its insured by comparing the terms of the insurance policy to the allegations of the complaint. "The insurer's duty arises when the allegations in the complaint coincide with the coverage provided by the policy."[27] Thus, "[i]f the [factual] allegations in the complaint, construed liberally, appear to give rise to coverage, insurers are required to provide a defense until the final resolution of the coverage question by a court."[28] The proper application of the four-corners rule presents a question of law that the court

---

[25] <u>Fireman's Fund</u>, 261 Wis. 2d 4, ¶17.

[26] In <u>Water Well Solutions Service Group, Inc. v. Consolidated Insurance Co.</u>, 2016 WI 54, ¶24, 369 Wis. 2d 607, 881 N.W.2d 285, this court "unequivocally [held] that there is no exception to the four-corners rule in duty to defend cases in Wisconsin." Because we recently concluded that the four-corners rule has no exceptions, we will not address R&B Construction's argument asserting that the court should carve out an exception to the four-corners rule.

[27] <u>Smith v. Katz</u>, 226 Wis. 2d 798, 807, 595 N.W.2d 345 (1999).

[28] <u>Olson v. Farrar</u>, 2012 WI 3, ¶30, 338 Wis. 2d 215, 229, 809 N.W.2d 1.

17

decides independently of the determinations rendered by the circuit court and court of appeals.[29]

¶63 In applying the four-corners rule in the instant case, the court is guided by the following rules for interpreting the complaint:

- A court construes all allegations in the complaint liberally when comparing the allegations of a complaint to the terms of an insurance policy.[30]

- We assume all reasonable inferences in the allegations of a complaint in favor of the insured.[31]

- Assuming all reasonable inferences in favor of the insured means that we "resolve any doubt regarding the duty to defend in favor of the insured."[32]

- The facts alleged in the complaint establish an insurance company's duty to defend the insured.[33]

---

[29] Olson, 338 Wis. 2d 215, ¶22.

[30] Estate of Sustache v. Am. Family Mut. Ins. Co., 2008 WI 87, ¶21, 311 Wis. 2d 548, 751 N.W.2d 845.

[31] Doyle v. Engelke, 219 Wis. 2d 277, 284, 580 N.W.2d 245, 248 (1998).

[32] Fireman's Fund 261 Wis. 2d 4, ¶20; Wausau Tile, Inc. v. County Concrete Corp., 226 Wis. 2d 235, 266, 593 N.W.2d 445 (1999) ("Any doubt as to the existence of the duty to defend must be resolved in favor of the insured.").

[33] Doyle, 219 Wis. 2d at 284 ("In determining an insurer's duty to defend, we apply the factual allegations present in the complaint to the terms of the disputed insurance policy."); Am. Family Mut. Ins. Co. v. Am. Girl, Inc., 2004 WI 2, ¶24, 268 Wis. 2d 16, 673 N.W.2d 65 ("First, we examine the facts of the insured's claim to determine whether the policy's insuring agreement makes an initial grant of coverage.").

(continued)

"[W]e must focus on the incident or injury that gives rise to the claim, not the plaintiff's theory of liability."[34]

¶64 In applying the four-corners rule in the instant case, the court is guided by the following rules for interpreting an insurance policy:

- Words and phrases in insurance contracts are subject to the same rules of construction that apply to contracts generally.[35]

---

Looking at the facts alleged rather than the legal theories asserted comports with the concept of notice pleading. Wisconsin Stat. § 802.01(1)(a) requires complaints to "plead facts, which if true, would entitle the plaintiff to relief."[33] Data Key Partners v. Permira Advisors LLC, 2014 WI 86, ¶21, 356 Wis. 2d 665, 849 N.W.2d 693.

[34] Stuart v. Weisflog's Showroom Gallery, Inc., 2008 WI 86, ¶36, 311 Wis. 2d 492, 753 N.W.2d 448 (internal quotation marks and quoted source omitted).

C.L. v. School Dist. of Menomonee Falls, 221 Wis. 2d 692, 701, 585 N.W.2d 826 (Ct. App. 1998), illustrates how to apply this principle. In C.L., the plaintiff alleged that her school's librarian sexually assaulted her. The court of appeals looked to the facts alleged and concluded that an "intentional acts" exclusion in the insured's policy precluded coverage despite the plaintiff's characterization of her legal claims as alleged negligent infliction of emotional distress. The court stated that this legal theory, "although labeled as 'negligent' infliction of emotional distress, allege[d] facts that certainly are intentional in nature." C.L., 221 Wis. 2d at 701. The court of appeals therefore concluded that the facts trumped the legal theories asserted and precluded coverage under the policy. C.L., 221 Wis. 2d at 704-05.

14 Steven Plitt et al., Couch on Insurance § 200.19 (3d ed. 2005) ("It is the factual allegations instead of the legal theories alleged which determine the existence of a duty to defend.").

19

- The primary objective in interpreting and construing a contract is to ascertain and carry out the true intent of the parties.[36]

- The terms of an insurance policy are interpreted from the perspective of a reasonable insured, but a court will not find coverage that the insurance company did not contemplate or for which the insurance company has not received a premium.[37]

- A court broadly construes the policy to "ensure that insurers do not frustrate the expectations of their insureds by [prematurely] resolving the coverage issue in their own favor[.]"[38]

- An insurance company's duty to defend its insured in a lawsuit is necessarily broader than its duty to indemnify, the other duty generally imposed on an insurance company under a Commercial General Liability Policy.[39] The insurance company is required to "defend all suits where there would be coverage if the allegations were proven . . . ."[40] By contrast, the

---

[35] Fireman's Fund, 261 Wis. 2d 4, ¶16.

[36] Fireman's Fund, 261 Wis. 2d 4, ¶16.

[37] Am. Girl, 268 Wis. 2d 16, ¶23.

[38] Olson, 338 Wis. 2d 215, ¶32 (quoting Baumann v. Elliott, 2005 WI App 186, ¶10, 286 Wis. 2d 667, 704 N.W.2d 361).

[39] Olson, 338 Wis. 2d 215, ¶29.

[40] Olson, 338 Wis. 2d 215, ¶29.

duty to indemnify kicks in once a covered claim against the insured has actually been proven.

- "The duty of defense depends on the nature of the claim and has nothing to do with the merits of the claim."[41] Accordingly, the insurance company must provide a defense for any suit where there would be coverage, even if the allegations are "utterly specious."[42]

- If any one claim falls within the policy coverage, regardless of the merits of the claim, the insurance company has a duty to provide a defense for its insured.[43]

¶65 Finally we consider the terms of the complaints and insurance policy in light of Jeff Anderson's third-party complaint's request for indemnification and contribution. Both

---

[41] Elliott v. Donahue, 169 Wis. 2d 310, 321, 485 N.W.2d 403 (1992).

[42] Smith v. Katz, 226 Wis. 2d 798, 807, 595 N.W.2d 345 (1999).

[43] "Insurers have an obligation to defend the entire lawsuit when one theory of liability falls within coverage." 2 Sheila M. Sullivan et al., Anderson on Wisconsin Insurance Law § 7.82 (7th ed. 2015), citing Charter Oak Fire Ins. Co. v. Hedeen & Cos., 280 F.3d 730, 738 (7th Cir. 2002) (applying Wisconsin law) and School Dist. of Shorewood v. Wausau Ins. Cos., 170 Wis. 2d 347, 366, 488 N.W.2d 82 (1992), rejected on other grounds by Johnson Controls, Inc. v. Employers Ins. of Wausau, 2003 WI 108, ¶¶38-39, 264 Wis. 2d 60, 665 N.W.2d 257.

of these doctrines distribute loss for a single harm among multiple persons liable for the same harm.[44]

¶66 The underlying premise of the two doctrines is that when multiple parties are liable for the same harm, the party that paid may have a right, either contractually or under common law, to reimbursement from the other parties. These doctrines "tend to merge" even though they are distinct:

> Contribution distributes the loss by requiring each person to pay his proportionate share of the damages on a comparative fault basis. Indemnification shifts the entire loss from one person who has been compelled to pay it to another who on the basis of equitable principles should bear the loss.[45]

¶67 "A cause of action for contribution is separate and distinct from the underlying cause of action, whether the latter involves contract or tort claims . . . ."[46]

¶68 Jeff Anderson's claim of indemnification or contribution rests on his claim of his "bearing . . . a greater share of a common liability than is justified, and not the source of the underlying liability." "It is enough that a joint liability from whatever source exist."[47]

---

[44] Swanigan v. State Farm Ins. Co., 99 Wis. 2d 179, 196, 299 N.W.2d 234 (1980); see also 2 Sheila M. Sullivan et al., Anderson on Wisconsin Insurance Law § 10.19 (7th ed. 2015).

[45] Swanigan, 99 Wis. 2d at 196 (internal citations omitted).

[46] III The Law of Damages in Wisconsin § 31.29, at 26 (Russell M. Ware ed., 6th ed. 2016) (citing Johnson v. Heintz, 73 Wis. 2d 286, 295, 243 N.W.2d 815 (1976); State Farm Mut. Auto Ins. Co. v. Schara, 56 Wis. 2d 262, 201 N.W.2d 758 (1972); Wis. Stat. § 893.92).

[47] Schara, 56 Wis. 2d at 266.

(continued)

¶69 In sum, in the instant case, Jeff Anderson's third-party complaint does not explicitly state that R&B Construction's work was "faulty, negligent, or defective." But evidence of R&B Construction's negligence need not be proved to determine whether West Bend Insurance has a duty to defend. In a duty-to-defend case, a court is not charged with deciding liability and the issue of damages.[48] A claimant (here Jeff Anderson) is entitled to recover on the general principles of indemnity when the claimant has been obliged to pay damages by reason of another's (here R&B Construction's) torts.[49]

## II

¶70 We begin by examining Smith's complaint against Jeff Anderson. We then examine Jeff Anderson's third-party complaint against R&B Construction.

¶71 Smith alleged the following facts in her complaint:[50]

---

"[T]he contribution cause of action [may] be considered in the same proceeding as the underlying cause of action, despite the contingent nature of the contribution cause of action." III The Law of Damages in Wisconsin § 31.29, at 26-27 (Russell M. Ware ed., 6th ed. 2016) (citing Johnson, 73 Wis. 2d at 295).

[48] 2 Sheila M. Sullivan et al., Anderson on Wisconsin Insurance Law § 7.53 (7th ed. 2015) ("An insured is not required to produce evidence of the tortfeasor's negligence in a declaratory-judgment action filed to determine insurance coverage. A court in a declaratory judgment action is not charged with deciding liability and damages issues.").

[49] Milwaukee Mut. Ins. Co. v. Priewe, 118 Wis. 2d 318, 322-23, 348 N.W.2d 585 (Ct. App. 1984) (citing Milwaukee v. Boynton Cab Co., 201 Wis. 581, 586, 229 N.W. 28 (1930)).

[50] As we explained previously, references are to Smith's amended complaint.

23

- Jeff Anderson painted and cleaned the basement so that it appeared to be free from any defects prior to the sale of the residence to Smith.

- After she purchased the residence, she discovered that the drain tiles were plugged, that the basement leaked, and that Jeff Anderson had performed structural repair work without obtaining the required permits.

- She was informed by experts that the defects existed when Jeff Anderson owned the house.

- To repair or correct the condition of the property she will need to obtain proper permits, install and replace the drain tile, and correct Jeff Anderson's structural repair work.

- She believed that Jeff Anderson failed to disclose problems with the property.

¶72 The Smith complaint pleaded four causes of action based on the facts stated above:

- Breach of Contract. As a term of the contract, Jeff Anderson warranted that he had no notice of any conditions affecting the property except those identified in his Real Estate Condition Report. Jeff Anderson breached his contract by failing to disclose the condition of the property in his Real Estate Condition Report or in the Offer to Purchase.

- Misrepresentation: Intentional. Jeff Anderson represented that he had no notice or knowledge of any

24

conditions affecting the property, failed to disclose that the basement leaked, and concealed leaky basement walls with paint, knowing the true material significant defects in the property with the intent to deceive and induce Smith to purchase the residence.

- Misrepresentation (Violation of Wis. Stat. §§ 895.446[51] and 943.20(1)(d)).[52] Jeff Anderson falsely represented that he had no notice or knowledge of any conditions affecting the property, failed to disclose that the basement leaked, and concealed leaky basement walls with paint. Jeff Anderson's false representations were defects in violation of the statutes cited, with the intent to deceive and induce Smith to purchase the

---

[51] Wisconsin Stat. § 895.446(1) provides in relevant part:

(1) Any person who suffers damage or loss by reason of intentional conduct that occurs on or after November 1, 1995, and that is prohibited under s. . . . 943.20, . . . has a cause of action against the person who caused the damage or loss.

[52] Wisconsin Stat. § 943.20(1)(d) provides in relevant part:

(1) Acts. Whoever does any of the following may be penalized as provided in sub. (3):

. . . .

(d) Obtains title to property of another person by intentionally deceiving the person with a false representation which is known to be false, made with intent to defraud, and which does defraud the person to whom it is made. "False representation" includes a promise made with intent not to perform it if it is a part of a false and fraudulent scheme.

25

residence, entitling Smith to treble damages, attorney fees, and costs.

- Misrepresentation (Violation of Wis. Stat. § 100.18:[53] Jeff Anderson's untrue, deceptive, and misleading representations in the purchase contract and his concealing leaky basement walls with paint constituted fraudulent misrepresentations in violation of the statute, entitling Smith to monetary damages, attorney fees, and costs.[54]

---

[53] Wisconsin Stat. § 100.18 provides in relevant part:

(1) No person . . . with intent to sell, distribute, increase the consumption of or in any wise dispose of any real estate . . . directly or indirectly, to the public for sale . . . shall make, publish, disseminate, circulate, or place before the public, or cause, directly or indirectly, to be made, published, disseminated, circulated, or placed before the public, in this state . . . an advertisement, announcement, statement or representation of any kind to the public relating to such purchase . . . [which] contains any assertion, representation or statement of fact which is untrue, deceptive or misleading.

[54] See Everson v. Lorenz, 2005 WI 51, 280 Wis. 2d 1, 695 N.W.2d 298, for a discussion of Wis. Stat. § 100.18. In Everson, the court of appeals certified to this court the issue "[whether] an alleged strict responsibility misrepresentation and/or negligent misrepresentation in a real estate transaction constitute an 'occurrence' for the purpose of a commercial general liability insurance policy such that the insurer's duty to defend is triggered. In Everson, we concluded that no coverage existed under the CGL policy, which defined 'occurrence' . . . . The basis for our decision that the CGL policy did not provide coverage was our conclusion that a volitional misrepresentation could not be considered an accident for purposes of coverage." Stuart, 311 Wis. 2d 492, ¶30 (internal citations omitted).

(continued)

¶73 The "Wherefore" clause of Smith's complaint asked for judgment against Jeff Anderson for the difference in value between the property as represented and its actual value, the cost of placing the property in the condition it was represented to be in, the cost of all repairs, the costs of the action, and actual reasonable attorney fees. As an additional remedy Smith's complaint sought "rescission/restitution."

¶74 In sum, Smith alleges that Jeff Anderson breached his contract with Smith and that Jeff Anderson is a tortfeasor, that is, that Anderson made misrepresentations to induce her to purchase the residence. Factually, her complaint alleges damages arising out of buying a residence from Jeff Anderson with a leaky basement and damaged drain tiles. The legal causes of action in Smith's complaint against Jeff Anderson are breach of contract and misrepresentation. Smith's complaint does not mention R&B Construction directly or indirectly.

¶75 The following facts were alleged in Jeff Anderson's third-party complaint against R&B Construction:

- Jeff Anderson hired 4th Dimension to inspect and assess the basement and recommend repairs of any defects in the basement walls and foundation.

---

Smith's complaint alleging that Jeff Anderson's conduct violated Wis. Stat. § 100.18 removed the complaint from coverage as an occurrence under the liability insurance policy. See Stuart, 311 Wis. 2d 492, ¶32.

For further discussion of Everson, see ¶109, nn.62-64, infra.

- Jeff Anderson gave 4th Dimension's report to R&B Construction, contracting with it to perform repairs according to the report.

- In addition, Jeff Anderson directed R&B Construction to install drain tiles along the east wall and install a sump crock and a sump pump. Jeff Anderson and R&B Construction agreed that ground to the east of the residence gradually sloped down in a westward direction, which directed run-off towards the basement's east wall.

- R&B Construction properly installed a new drain system, a sump crock, and a sump pump, and made certain that the drainage system was tested and "was in good working order and draining to the proper area of the property."

- "Without admitting that any of the work performed by third-party defendant, R&B Construction, . . . was faulty, negligent or defective," Jeff Anderson sought indemnification and contribution from R&B Construction were Jeff Anderson held liable to Smith.

- Based upon the warranties R&B Construction provided, Jeff Anderson requested R&B Construction to correct deficiencies, if any, arising out of its work.

- In the sale of the residence, Jeff Anderson made no warranties as to the condition of the residence, sold the residence to Smith in "as is" condition, and gave Smith "copies of the third party defendant's reports,

28

details of work performed and warranties regarding the work performed."

- Smith did not contact R&B Construction and request it to correct any deficiencies in its work.

¶76 In sum, Anderson's third-party complaint seeks contribution or indemnification from R&B Construction should Anderson be held liable to Smith.

¶77 Jeff Anderson's third-party complaint does not explicitly assert that R&B Construction was negligent in repairing the residence or causing the basement to leak and the drain tiles to be damaged and that R&B Construction's conduct caused Anderson to be held liable to Smith.

¶78 These assertions can, however, be reasonably inferred from the facts stated in Smith's complaint and Anderson's third-party complaint. The third-party complaint, "without admitting that any of the work performed by third party defendant, R&B Construction, . . . was faulty, negligent or defective," asked that R&B Construction repair any defects should Jeff Anderson be held liable to Smith. The third-party complaint further stated that based upon the warranties R&B Construction provided, Jeff Anderson requested R&B Construction to correct deficiencies, if any, arising out of its work.

¶79 These parts of the third-party complaint reveal that Jeff Anderson apparently attempted to construct the third-party complaint to be consistent with his denial of liability to Smith. A reasonable reading of the Smith complaint and the third-party complaint is that Anderson was asserting that if he

29

lost to Smith on her claims, he is entitled to compensation from R&B Construction for its deficient performance that rendered him liable to Smith.

¶80 It is evident from the two complaints that Smith and Jeff Anderson have set forth distinct but interrelated facts and claims. Smith's complaint alleges defects with the residence and blames Jeff Anderson for breach of contract and misrepresentation. Jeff Anderson obviously refuses to concede liability to Smith and seeks compensation from R&B Construction should he be liable to Smith. R&B Construction's work on the residence before the sale to Smith may have caused, contributed to, or aggravated the defects alleged by Smith.

III

¶81 Now that we have examined the complaints, we examine the coverage provisions of the Contractors Businessowners' policy that R&B Construction purchased from West Bend Insurance.

¶82 Under the policy, West Bend Insurance has a duty to defend R&B Construction if the facts alleged in Anderson's third-party complaint (to which Smith's complaint is attached) constitute "property damage" caused by an "occurrence."

¶83 The West Bend Insurance policy contains standard CGL policy language regarding "property damage" and "occurrence." With regard to property damage, the policy reads as follows:

> We will pay those sums that the insured becomes legally obligated to pay as damages because of . . . "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured

against any "suit" seeking damages for . . . "property damage" to which this insurance does not apply.

. . . .

This insurance applies to . . . "property damage" only if:

(1) The . . . "property damage" is caused by an "occurrence" that takes place in the "coverage territory"; [and]

(2) The . . . "property damage" occurs during the policy period . . . .

. . . .

"Property damage" means:

a. Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

b. Loss of use tangible personal property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it. (Emphasis added.)

¶84 The facts that Smith alleges——"drain tiles are plugged with iron ochre, the basement leaked"——allege physical injury to tangible property or allege loss of use of tangible property. The drain tiles were physically injured when they were clogged and did not function properly. Likewise, the basement walls were physically injured, causing water leakage in the basement.

¶85 West Bend Insurance characterizes the amended complaint as alleging only pecuniary loss or damage. This characterization is not an accurate depiction of the Smith complaint. Smith asserts that "in order to repair or correct the condition of the property [she] will need to . . . install and replace drain tile, and correct the defendant's structural

31

repair work." Smith demands judgment for the cost of all repairs. Ordinarily, tangible property that is not damaged does not need to be repaired. Read liberally and with reasonable inferences drawn in favor of the insured, the facts in the amended complaint allege property damage as defined in the policy.

¶86 Furthermore, the Smith complaint seeks damages for loss of use of tangible property. Loss of use of tangible property that is injured is property damage covered in the policy. The Smith complaint can be read to state that the drain tiles and the basement have been physically injured so that they cannot be used to their full extent.

¶87 Although we conclude that the amended complaint can be read to allege "property damage" under the insurance policy, West Bend Insurance asserts that it has no duty to defend its insured in the instant case unless an "occurrence" caused the property damage.

¶88 The policy defines "occurrence" as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions."

¶89 The word "accident" in this definition of "occurrence" was considered in American Family Mutual Insurance Co. v. American Girl, Inc., 268 Wis. 2d 16, ¶37, in which the court stated:

> The term "accident" is not defined in the policy. The dictionary definition of "accident" is: "an event or condition occurring by chance or arising from unknown or remote causes." Webster's Third New International Dictionary of the English Language 11 (2002). Black's

32

Law Dictionary defines "accident" as follows: "The word 'accident,' in accident policies, means an event which takes place without one's foresight or expectation. A result, though unexpected, is not an accident; the means or cause must be accidental." Black's Law Dictionary 15 (7th ed. 1999).

¶90 Applying this definition of "occurrence," the American Girl court concluded that the damage at issue in that case——"the continuous, substantial, and harmful settlement of the soil underneath the building" that resulted from inadequate site-preparation advice given by a soil engineer——was an occurrence because "[n]either the cause nor the harm was intended, anticipated, or expected."[55] The property damage in American Girl was ongoing and was an unintended result of a soil engineer's faulty advice, so it was caused by an "occurrence."[56]

¶91 In reaching this conclusion, however, American Girl distinguished "faulty workmanship" from "accidents." Faulty workmanship claims alone are not "occurrences" because the resulting harm is not accidental. But the harm is accidental when "faulty workmanship" causes an unexpected harm, such as the damaged building in American Girl. In other words, "while faulty workmanship is not an 'occurrence,' faulty workmanship

---

[55] Am. Girl, 268 Wis. 2d 16, ¶38.

[56] See also Acuity v. Society Ins., 2012 WI App 13, ¶17, 339 Wis. 2d 217, 810 N.W.2d 812 (excavation adjacent to building's wall caused cracking of floor within the building, which also led to other injuries to physical property; "[i]t is clear that this damage was caused by the accidental soil erosion that occurred because of faulty excavation techniques. Accordingly, the 'property damage' was caused by an 'occurrence' . . . . ").

may cause an 'occurrence[,]' . . . [t]hat is, . . . an unintended event."[57]

¶92 The court of appeals made this point in Acuity v. Society Ins., 2012 WI App 13, ¶34, 339 Wis. 2d 217, 810 N.W.2d 812, as follows:

> The lessons of American Girl, Glendenning's [Limestone & Ready-Mix Co. v. Reimer, 2006 WI App 161, 295 Wis. 2d 556, 721 N.W.2d 704] and Kalchthaler [Keller Const. Co., 224 Wis. 2d 387, 397, 591 N.W.2d 169 (1999)] are that while faulty workmanship is not an "occurrence," faulty workmanship may cause an "occurrence." That is, faulty workmanship may cause an unintended event, such as soil settling in American Girl, the leaking windows in Kalchthaler, or, in this case, the soil erosion, and that event——the "occurrence"——may result in harm to other property.

¶93 The "occurrence" that R&B Construction is alleged to have caused in the instant case is the continuous and repeated exposure to water leaking into the basement and matter flowing into and clogging the drain tiles.

¶94 Like the faulty workmanship in these prior cases, R&B Construction's allegedly faulty workmanship in the instant case led to our conclusion that R&B Construction's alleged negligence led to leaking basement walls and clogging of the drain tiles.

¶95 Either of these conditions continually caused unexpected water damage to Smith's house. Water damage, when it

---

[57] Acuity, 339 Wis. 2d 217, ¶24.

is a condition that unexpectedly results from faulty workmanship, is an "occurrence" under the policy.[58]

¶96 Therefore, we conclude that the complaints allege facts that Smith's residence experienced property damage caused by an occurrence.

¶97 As we stated previously, Jeff Anderson is entitled to recover under the general principles of indemnification or contribution if he is held liable to Smith for breach of contract or misrepresentation by reason of R&B Construction's alleged tortious conduct.

¶98 Here, Jeff Anderson's complaint can be read to allege that R&B Construction negligently performed work on the Smith residence, which caused property damage. This property damage may result in Anderson being held liable for breach of his contract with Smith and for misrepresentation of the condition of the residence.

¶99 West Bend Insurance ultimately argues that Jeff Anderson's "garden-variety contribution or indemnification" claim passes through the same type of liability as that asserted in Smith's complaint. According to West Bend Insurance, it has no duty to defend because the insurance policy in the instant case does not provide for defense or coverage of misrepresentation claims.

---

[58] Kalchthaler v. Keller Const. Co., 224 Wis. 2d 387, 391, 591 N.W.2d 169 (1999) (an "occurrence" under the policy existed when a subcontractor's faulty work resulted in leaking windows, which, in turn, caused water damage to the interior of the house).

¶100 West Bend Insurance's argument construes Wis. Stat. § 803.05, which permits third-party actions, too narrowly. Section 803.05 provides, in relevant part, that "a defending party, as a 3rd-party plaintiff, may cause a summons and complaint to be served upon a person not a party to the action who is or may be liable to the defending party for all or part of the plaintiff's claim against the defending party . . . ." Nothing in this statutory provision precludes a third-party plaintiff, here Jeff Anderson, from asserting a theory of liability that is distinct from the theory asserted in the underlying action.[59]

¶101 Jeff Anderson's third-party complaint is distinct from the underlying Smith action. Smith's allegations of facts relate to breach of contract and misrepresentation. Jeff Anderson's allegations of facts in his third-party complaint against R&B Construction do not relate to misrepresentation by R&B Construction; they relate to negligent performance of R&B Construction's work for Jeff Anderson.

¶102 In sum, applying the four-corners rule and comparing the liberal interpretation of the factual allegations in the complaints (assuming all reasonable inferences in favor of the

---

[59] See also 6 Wright & Miller, Federal Practice & Procedure § 1446 & n.23 (3d ed. 2016) (discussing Federal Rule of Civil Procedure Rule 14, which has language analogous to Wis. Stat. § 803.05) ("The third-party claim need not be based on the same theory as the main claim. . . . [because the] [p]urpose of impleader would be defeated if its scope was circumscribed by a requirement of identity of claims. Therefore, courts consistently have held that impleader does not require an identity of claims or even that they rest on the same theory.").

insured) with the liberal interpretation of the text of the policy (which we interpret from the perspective of a reasonable insured), we conclude (resolving doubts in favor of the insured and focusing on the incident or injury, not the theory of liability) that West Bend Insurance has a duty to defend R&B Construction in Jeff Anderson's action against it. This duty to defend R&B Construction is triggered by facts in the complaints, which demonstrate that at least one claim falls within the policy coverage, regardless of the merits of the claim: the leaking basement walls and the clogging of the drain tiles are property damage, caused by a harmful condition that is the unexpected result of R&B Construction's allegedly negligent repairs in the basement. The complaints thus assert "property damage" caused by an "occurrence" under the terms of the policy.

IV

¶103 Before we conclude, we turn to Qualman v. Bruckmoser, 163 Wis. 2d 361, 471 N.W.2d 282 (Wis. Ct. App. 1991), upon which the court of appeals and West Bend Insurance rely. Qualman is not dispositive in the instant case.

¶104 Asserting that the instant case is "on all fours" with Qualman v. Bruckmoser, 163 Wis. 2d 361, 471 N.W.2d 282 (Wis. Ct. App. 1991), West Bend Insurance contends that no property damages are alleged in the instant case.

¶105 Qualman, like the instant case, arose out of the sale of residential real property. The home-buyer in Qualman sued the seller, claiming breach of contract and misrepresentation of

37

existing significant structural aspects of the property.[60] The Qualman court noted that the damages for such claims, if proven, would be "the difference between the market value of the property at the time of purchase and the amount actually paid" and concluded that "the damages alleged . . . are pecuniary in nature and do not constitute property damage" under the insurance policy.[61]

¶106 The court of appeals in the instant case viewed the instant case as being controlled by Qualman for two reasons: (1) In the Smith case, as in the Qualman case, the complaint alleges that the seller breached its contract and made misrepresentations, and misrepresentations do not constitute an "occurrence" as defined in the policy; and (2) in the Smith case, as in the Qualman case, the complaint does not allege "property damage."

¶107 Qualman does not, however, govern the instant case because the instant case is significantly different from Qualman.

¶108 We first compare the complaints in the two cases with regard to factual allegations claiming misrepresentations to determine whether West Bend Insurance's policy requirement of an "occurrence" has been satisfied.

---

[60] Qualman v. Bruckmoser, 163 Wis. 2d 361, 367, 471 N.W.2d 282 (Wis. Ct. App. 1991).

[61] Qualman, 163 Wis. 2d at 366.

¶109 Qualman stands for the proposition that most, if not all, misrepresentation claims are not "occurrences" as defined in the standard CGL insurance policy.[62] Each type of misrepresentation requires a false assertion, and false assertions "require[] a degree of volition inconsistent with the term accident."[63] Therefore, "where there is a volitional act involved in such a misrepresentation, that act removes it from coverage as an 'occurrence' under the liability insurance policy."[64]

¶110 In Qualman, the insurance company was asked to defend against a complaint by a buyer alleging breach of contract and intentional misrepresentation. The Qualman court did not have to consider a third-party complaint.

¶111 In the instant case, Smith's complaint alleges facts against Jeff Anderson claiming he breached his contract and made misrepresentations to her about the condition of the property to induce the sale to her. But we are not deciding whether West Bend Insurance has a duty to defend Jeff Anderson. No one claims that West Bend Insurance has a duty to defend Jeff Anderson.

¶112 Rather, we are deciding whether West Bend Insurance has a duty to defend R&B Construction in Jeff Anderson's third-

---

[62] Everson v. Lorenz, 2005 WI 51, 280 Wis. 2d 1, 695 N.W.2d 298. See also ¶72 n.54, supra.

[63] Everson, 280 Wis. 2d 1, ¶¶19-20 (citing Qualman).

[64] Everson, 280 Wis. 2d 1, ¶¶19-20 (citing Qualman).

party action. Jeff Anderson's third-party complaint does not allege that R&B Construction made misrepresentations to him.

¶113 Anderson's complaint should be interpreted, as we have previously explained, as alleging facts claiming that R&B Construction's negligent conduct caused property damage to the residence and claiming that if Jeff Anderson is liable to Smith for breach of contract or the tort of misrepresentation, R&B Construction is liable to Jeff Anderson.

¶114 Neither Smith's complaint nor Jeff Anderson's third-party complaint alleges facts that suggest R&B Construction committed a volitional act misrepresenting the quality of its work to either Smith or Jeff Anderson. A reasonable interpretation of the complaints supports our reading that, if R&B Construction is liable to Anderson, its liability rests not on a volitional act involving misrepresentation but on R&B Construction's negligence in performing its construction work for Anderson.

¶115 The rule of law Qualman sets forth——that an insurance company does not generally have a duty to defend an insured against a complaint alleging facts constituting a claim for misrepresentation——is not dispositive of West Bend Insurance's duty to defend R&B Construction against Jeff Anderson's factual allegations of R&B Construction's negligence.

¶116 We now compare the complaints in Qualman and the instant case with regard to whether the complaint in the instant case sets forth a claim for property damage within the policy.

40

¶117 The Smith complaint, unlike the Qualman complaint, was not limited to seeking "difference in value" (pecuniary) damages. Smith's complaint (in contrast to Qualman's complaint) was not confined to the diminished value of Smith's residence.[65]

¶118 Smith made claims in the alternative for property damages: Smith alleged that, in order to repair or correct the condition of the property, she will have to replace drain tiles. Drain tile is property and it need not be replaced unless it is damaged.[66] Smith's claim for repair of property evidences a claim for property damage, including loss of property use.

¶119 Furthermore, when the third-party complaint (along with Smith's complaint) and West Bend's insurance policy are

---

[65] See Stuart, 311 Wis. 2d 492, ¶53 (Qualman "involve[s] 'difference in value' damages as awarded to remedy failure to disclose preexisting defects in property sales. In this case, in contrast, the Stuarts were awarded compensation for the damage to their property that came after, and was caused by, the defendants' statutory misrepresentation and common law negligence.").

[66] West Bend also relies on Wausau Tile, Inc. v. County Concrete Corp., 226 Wis. 2d 235, 593 N.W.2d 445 (1999), for the proposition that an insurance company has no duty to defend an insured when the complaint does not allege property damage. In Wausau Tile, the court held that the loss Wausau Tile claimed for repairing and replacing pavers was not property damage but economic loss not covered by the policy; the pavers were damaged because one or more of their ingredients was of insufficient quality. The parts of the complaint in Wausau Tile alleging negligence, future personal injury claims of pedestrians, and property damage to property adjoining the pavers were not in litigation because the real parties in interest for these claims were not parties to the action. Third parties, not Wausau Tile, sustained and had claims for property damage or personal injury. In the instant case, Jeff Anderson is the real party in interest against whom claims for property damage are being made.

liberally read and construed in favor of the insured, Jeff Anderson claimed that R&B Construction worked on the residence, that R&B Construction was arguably negligent in its work on the residence, and that R&B Construction's negligence in the work resulted in property damage, including loss of property use.

¶120 In sum, the court of appeals erred in stating that "no contention [is made] that R&B's faulty workmanship caused the water exposure or the multiple issues that resulted therefrom."[67]

¶121 West Bend Insurance has a duty to defend R&B Construction in Jeff Anderson's third-party action against it. Anderson's claim for contribution or indemnification impliedly rests on factual allegations that R&B Construction negligently performed its work on the residence. The third-party complaint is separate and distinct from Smith's complaint against Anderson, which rests on facts evidencing a breach of contract or misrepresentation. Reading the facts alleged in both the Smith and Jeff Anderson complaints liberally and drawing reasonable inferences in R&B Construction's favor leads to the following conclusion: Smith's complaint alleges property damage (the leaking basement walls and clogged drain tiles), which was caused by an occurrence (the accidental result of R&B Construction's negligent conduct).

¶122 Accordingly, West Bend Insurance has a duty to defend and the cause should be remanded to the circuit court for further proceedings not inconsistent with this decision.

---

[67] Smith v. Anderson, No. 2015AP79, ¶17, unpublished slip op. (Wis. Ct. App. Dec. 22, 2015).

42

* * * *

¶123 That's the opinion I think the court should have adopted, reversing the decision of the court of appeals and remanding the cause to the circuit court for further proceedings.

¶124 I am authorized to state that Justice ANN WALSH BRADLEY joins this opinion.